EMMA T. GREEN et al., Respondents, v. JOSEPH G. ROWORTH et al., Appellants.

While, where findings of fact by a court or referee are irremediably conflicting, this court will be governed by that finding which is most favorable to the appellant, it is the duty of the court to reconcile and give to each some office to perform, and it is only when this cannot, by a reasonable construction, be accomplished, that the rule has effect.

Although, as a general rule, fraud is not to be presumed, and a party seeking to relieve himself from an obligation on that ground must prove it, yet when the relations between the contracting parties appear to be of such a character as to render it certain that they do not deal on terms of equality, and that either on the one side from superior knowledge of the matter derived from a fiduciary relation, or from over-mastering influence, or on the other from weakness, dependence, or trust justifiably reposed, unfair advantage in a transaction is rendered probable, the transaction is presumed void, and it is incumbent upon the stronger party to show affirmatively that no deception was practiced or undue influence used, and that all was fair, open, voluntary and well understood.

Where, therefore, a father, an aged man, who had become much enfeebled, mentally and physically, took his two sons into partnership and turned over to them the management and control of his property and business

affairs, and was accustomed to rely upon their advice and counsel, and after they had already obtained from him the larger portion of his property without any adequate consideration, he, without consideration, in the absence of a legal adviser, executed to them a deed of his real estate in ignorance of its legal effect; the conveyance leaving the grantor comparatively destitute, *held*, that fraud was legally imputable to the grantees, requiring explanation from them; and this not having been given, that a finding of fraud and undue influence was justified.

(Argued March 28, 1889; decided April 23, 1889.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made December 6, 1886, which modified, and affirmed as modified, a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term.

This action was brought originally by William Roworth, among other things, to set aside two deeds of certain real estate executed by him to his sons, the defendants, Joseph G. and John W. Roworth, on the ground of fraud and undue influence. He having died during the pendency of the action, it was revived and continued in the names of the present plaintiffs, heirs-at-law of the deceased.

The facts, so far as material, are stated in the opinion.

*Thomas Darlington* for appellants. When the special findings of a judge differ from the findings formally made as the basis of the judgment, the appellant has the right to rely upon such findings as are most favorable to him. (*Tompkins* v. *Lee*, 59 N. Y. 662; *Schwinger* v. *Raymond*, 83 id. 192; *Bonnell* v. *Griswold*, 89 id. 122; *Redfield* v. *Redfield*, 110 id. 671, 673.) Undue influence must be proved, and cannot be presumed. The proof is made, in the first instance, when the relation and the personal intervention of the party claiming the benefit is shown. (*Clapp* v. *Fullerton*, 34 N. Y. 197–199; 95 id. 522; *Gardiner* v. *Gardiner*, 34 id. 155; *Septon* v. *Hopwood*, F. & F. 578; *Deane* v. *Negley*, 41 Penn. 312; *Marvin* v. *Marvin*, 4 Keyes, 22; *Small* v. *Small*, 4 Greenl. 220; *Trumbull* v. *Gibbons*, 2 Zabriskie [N. J.] 117; *Carroll* v. *Norton*, 3 Bradf. 320; *Tyler* v. *Gardiner*, 35

N. Y. 610; *Howe* v. *Howe*, 99 Mass. 88; *Hagar* v. *Thomson*, 1 Black. 91; *Gould* v. *Gould*, 3 Story, 540; *Deane* v. *Fuller*, 40 Penn. 474; *Jenkins* v. *Pye*, 12 Peters. 42; *Morris* v. *Talcot*, 96 N. Y. 100; *Sears* v. *Shafer*, 1 Barb. 408; 6 N. Y. 268.) The burden of proof in this case is upon the plaintiffs; they allege the fraud, and this burden remains upon them throughout the trial. (*Lamb* v. *C. & A. R. R. Co.*, 46 N. Y. 271; *Heinneman* v. *Heard*, 62 id. 448; *People ex rel. Smith* v. *Pease*, 27 id. 45; 1 Greenl. on Evidence, § 80; *Sullivan* v. *Warren*, 43 How. 188; *Porter* v. *Phittleplace*, 1 Wall. 685; *Shultz* v. *Hoagland*, 85 N. Y. 467; *Brick* v. *Brick*, 66 id. 144; *Coit* v. *Patchen*, 77 id. 533; *Marx* v. *McGlynn*, 88 id. 357; *Estate of Gross*, 7 N. Y. S. Rep. 739.) In this case where the plaintiffs' whole evidence being considered, it appears there is a good defense to the action, the judgment should be reversed and the complaint dismissed. (*Graham* v. *Meyer*, 99 N. Y. 611; *Marquat* v. *Marquat*, 12 id. 336; *Emory* v. *Pease*, 20 id. 62; *Purchase* v. *Mattison*, 25 id. 211; *Cuff* v. *Dorland*, 57 id. 560.)

*Joshua M. Van Cott* for respondents. All the elements that enter into the legal definition of fraud and undue influence co-existed here and were found by the court as facts, to wit, old age, feeble health, a decayed memory, an infirm will, a total dependence upon and confidence in the two sons, and advantage taken by them of the opportunity thus afforded to make all their father's property theirs, in about fifteen months, for a grossly inadequate and unsecured consideration resting in promises. To these may be added the practice of artifice and deception to alienate the grantor's affections from his other children, the fabrication of papers to simulate facts, the false expression of substantial consideration, and the undermining effect of religious delusions. (*In re Will of Smith*, 95 N. Y. 516; 1 Story's Eq. Jur. §§ 236, 238; *Huguenin* v. *Basely*, 14 Ves. 273; 2 Wh. & Tud. L. Cas. in Eq. [Eng. & Am. Notes] 406; *Whelan* v. *Whelan*, 3 Cow. 537; *Brice* v. *Brice*, 5 Barb. 533; *Somes* v. *Skinner*, 16 Mass. 348; *Taylor* v. *Taylor*,

8 How. [U. S.] 183; *Marvin* v. *Marvin,* 4 Keyes, 9; *Sears* v. *Shafer,* 6 N. Y. 268; *Tyler* v. *Gardiner,* 35 id. 559; *Rollwagen* v. *Rollwagen,* 63 id. 504; *Rider* v. *Miller,* 86 id. 507; *Hardry* v. *Hardry,* 11 Wheat. 103; *Allore* v. *Jewell,* 94 U. S. 506; *Griffith* v. *Godey,* 113 id. 89.)

RUGER, Ch. J. The reversal by the General Term of so much of the judgment of the Special Term as awarded relief to the plaintiffs in respect to the conveyance of personal property, eliminated from the case all questions predicated upon rulings in relation thereto. This determination left the issues in respect to the validity of the conveyances of two parcels of real estate, as the only subjects of controversy on the appeal to this court.

The evidence of the exercise of fraud and undue influence by the defendants, Joseph and John Roworth, in obtaining from their father, William Roworth, deeds of such property, was quite sufficient to sustain the findings of the trial court respecting the same. The evidence tended to show that, for many years prior to January, 1877, William Roworth and his son Samuel carried on the business of manufacturing confectionery at 354 Pearl street in the city of New York, under the firm name of Samuel W. Roworth & Co., and had established a prosperous business. William Roworth was then the owner of a one-half interest in the assets of said firm; of a three-quarters interest in the lot and building in which the business was carried on; of a house and lot in Devoe street, Brooklyn, and another in Fifth street in the same city; a mortgage on property in Detroit for $2,000, and deposits in bank of about $500.

In January Samuel W. Roworth died, devising his interest in the assets of said firm equally to the defendants, his two brothers, John and Joseph, and to his two sisters. Between the time of Samuel's death in January, 1877, and March, 1880, the defendants John and Joseph had obtained from William Roworth, without consideration, except a promise to

pay him a small sum weekly from the partnership business, all of the property possessed by him. This was effected by transfers and conveyances of such property, or its proceeds, made successively at different times by William Roworth to one or both of said defendants, between the dates aforesaid. At the time of the death of Samuel, the two defendants were each upwards of forty-five years of age, and had been unsuccessful in the business operations theretofore carried on by them, respectively, and were not then possessed of any property. They were supporting themselves as workmen upon a small salary in the employ of Samuel W. Roworth & Co. In 1877 William Roworth was seventy-six years of age, and had become quite infirm in health; his memory had greatly failed, and he was, practically, incapable of taking an active and responsible part in the management of his business, although he continued for some time thereafter to attend at the store and factory, and make entries in the books, draw up bills and render other small services which he had been theretofore accustomed to perform. He had become very nervous and susceptible, being frequently overcome by emotion and easily affected to tears, and subject to the influence of those surrounding him. He had an aged wife, who survived him, and was dependent upon him for support.

The findings of fact made by the trial court as the basis of its judgment, with respect to the two deeds which remain as the subject of controversy on this appeal, are substantially the same; and that one relating to the transfer of No. 354 Pearl street, New York, reads as follows: That "the said William, Roworth at the time of the execution and acknowledgment of said instrument, did not know or comprehend the legal effect of the said instrument," and that its "execution, acknowledgment and delivery * * * was procured by fraud and undue influence, exercised upon said William Roworth by the said defendants Joseph G. Roworth and John W. Roworth, and by their taking advantage of his age and infirmities, and his confidence and trust in them, and his dependence and reliance upon them; and the signing and

delivery of the same by William Roworth was reckless and improvident, was done without proper advice of counsel and upon a grossly inadequate consideration, and while he was acting under the influence of said defendants unduly exercised upon him." The evidence, as we have said, fully supports this finding, and, indeed, we are of the opinion that the proof would not have justified the contrary conclusion.

In the consideration of this case the court cannot shut its eyes to the significant fact that William Roworth has been substantially stripped of all of his property by some one, and however or to whomever it passed originally, either the property or its proceeds found their way to a common end, viz., to the benefit and possession of the defendants. Whatever the defendants advanced, if anything, towards the acquisition of any part of the property, has been for their own advantage and substantially from funds which they received from their father.

The only material question in this case arises over an alleged inconsistency between the findings made by the trial court, as the basis of its judgment, and a single one also found by the court, out of one hundred and five special requests to find on questions of fact submitted by the defendants at the close of the trial.

It is undoubtedly an established rule of this court where findings of fact, made by the court or referee, which are material to the determination of the case, are irreconcilably conflicting, that we will be governed by that finding which is most favorable to the party appealing; but this rule pre-supposes such a difference in the findings. So far, therefore, as these findings are conflicting, it is the duty of the court to endeavor to reconcile them and give to each some office to perform. It is only when this cannot, by a reasonable construction, be accomplished, that the court are bound to accept that finding most favorable to the appellant. (*Bennett* v. *Bates*, 94 N. Y. 354; *Redfield* v. *Redfield*, 110 id. 671.) It was said in the latter case that: "We have held that where the special findings of a judge or referee differ from the findings formally made as

the basis of the judgment, the appellant has a right to rely upon such findings as are most favorable to him. Those decisions were made at a time when the practice authorized the submission of proposed findings   *   *   *   after the decision of the case was rendered; and under that practice such findings were passed upon, generally weeks and frequently months after the formal findings had been made; and we held that where such findings differed from the prior findings and contradicted them, that the appellant had the right to rely upon them if most favorable to him. (*Tompkins* v. *Lee*, 59 N. Y. 662; *Schwinger* v. *Raymond*, 83 id. 192; *Bonnell* v. *Griswold*, 89 id. 122.) Since those decisions the practice has been changed, and now the proposed findings must be presented at the submission of the case, and the presumption is that those findings are passed upon when the case is decided and the formal findings made. Hence, for the purpose of construing the findings, we must look at all of them, both the general and special findings, and if they are in conflict, we must attempt to reconcile them."

In accord with the rule thus stated, we must look at the findings in question to see how far they are inconsistent. The formal finding will be found much broader than the one alleged to be inconsistent therewith, as it especially finds that the deed was fraudulently procured, in ignorance of its effect by the grantor, and these facts are not negatived by any subsequent finding. There is undoubtedly an apparent inconsistency between the additional and some parts of the formal findings, but upon examination we think it does not necessarily nullify the effect of the formal findings. The additional finding is as follows: " That the said Joseph G. and John W. Roworth did not, about said month of April, or at any time, persuade or influence said William Roworth to sign said alleged paper or make any representations in respect thereto." We infer that this finding relates to the deed in question.

In the same connection the court refused to find that the said William Roworth was not " by reason of bodily infirmi-

ties unable and incapacitated from participating in or taking part in the management and control of his business, property and affairs, " or but that " Joseph G. and John W. Roworth were intrusted by William Roworth * * * with the exclusive and entire management and control of his property and business," or that " he was not dependent upon the said Joseph G. and John W. Roworth for the proper management and control of his property and business, and was not solely reliant upon their advice in regard thereto," or that he was cognizant of " the real purpose and effect of his deed to Joseph G. and John W. Roworth." It seems quite evident, by these refusals to find, that the court did not intend, by its informal finding, to nullify the general force and effect of the formal findings. The court had in its original findings, on seven distinct and separate occasions, applying to as many different transfers of property, reiterated, in substance, the findings of fraud and undue influence on the part of these defendants in obtaining such transfers. The several findings were presumptively passed upon at the same time, and it is quite improbable that the court intentionally determined to leave two findings in the case radically inconsistent with each other, or to nullify and contradict its repeated findings, often expressed and confirmed in its previous statement of facts. We are of the opinion that the court by the additional finding intended only that there was no direct or positive evidence of any special influence or persuasion with reference to the procurement of the deed in question, but left the judgment to stand upon the legal presumption of fraud arising upon the facts and circumstances of the case. The informal finding was substantially a finding as to the inferences to be drawn from the evidence, and not upon an existing and independent fact itself, and in that respect was rather a finding upon a question of law than one of fact. In that view it may be said to be erroneous and as not affecting the judgment rendered.

The leading facts of the case have been found and are not impaired by any contradictory finding. They were, substantially, that the deed was secured by parties who had already

obtained the larger portion of the grantor's property without any adequate consideration therefor; that this conveyance left him comparatively destitute of property, and was made without consideration in the absence of any legal adviser, by an aged man, whose mental and physical condition was much enfeebled, and in ignorance of its legal effect, to persons occupying a confidential relation towards him, and who had the management and control of his property and business affairs, and upon whose advice and counsel he was accustomed to rely.

That these facts afford sufficient ground to support a finding of fraud and undue influence, even without positive or direct proof of persuasion or influence, cannot be questioned. They present a situation from which fraud is legally imputable to those benefited, and requiring an explanation from them, which was not furnished by the defendants.

As was said by Judge Hand, in *Cowee* v. *Cornell* (75 N. Y. 99): "We return, then, to the question whether this case was one of constructive fraud. It may be stated as universally true that fraud vitiates all contracts, but, as a general thing, it is not presumed but must be proved by the party seeking to relieve himself from an obligation on that ground. Whenever, however, the relations between the contracting parties appear to be of such a character as to render it certain that they do not deal on terms of equality, but that either on the one side from superior knowledge of the matter derived from a fiduciary relation, or from overmastering influence, or on the other from weakness, dependence or trust justifiably reposed, unfair advantage in a transaction is rendered probable, there the burden is shifted, the transaction is presumed void, and it is incumbent upon the stronger party to show affirmatively that no deception was practiced, no undue influence was used, and that all was fair, open, voluntary and well understood."

The remarks of Judge Andrews, *In the Matter of the Will of Smith* (95 N. Y. 516) are so pertinent to the question that we repeat them here: "Undue influence, which is a species of fraud, when relied upon to annul a transaction, *inter partes*, or a testamentary disposition, must be proved and cannot be

presumed. But the relation in which the parties to a transaction stand to each other is often a material circumstance, and may, of itself, in some cases, be sufficient to raise a presumption of its existence, * * * and where the situation is shown, then there is cast upon the party claiming the benefit or advantage, the burden of relieving himself from the suspicion thus engendered, and of showing, either by direct proof or by circumstances, that the transaction was free from fraud or undue influence, and that the other party acted without restraint and under no coercion or any pressure, direct or indirect, of the party benefited. This rule does not proceed upon a presumption of the invalidity of the particular transaction without proof. The proof is made, in the first instance, when the relation and the personal intervention of the party claiming the benefit is shown."

The general rule is stated in Story's Equity Jurisprudence (§ 238) : " The doctrine, therefore, may be laid down as generally true, that the acts and contracts of persons who are of weak understandings, and who are, therefore, liable to imposition, will be held void in courts of equity, if the nature of the act or contract justify the conclusion that the party has not exercised a deliberate judgment, but that he has been imposed upon, circumvented or overcome by cunning or artifice, or undue influence." If, therefore, we should give full effect to the special finding and come to the conclusion that the giving of the deed in question was the voluntary, unrestricted act of the grantor, it would not, under the circumstances of this case, justify the retention by its grantee of the property conveyed, or furnish a reason for refusing relief to the improvident grantor.

We are, therefore, of the opinion that the judgment should be affirmed.

All concur.

Judgment affirmed.