JOHN T. KELLY *et al.,* Respondents, *v.* FRANCIS N. LEGGETT *et al.,* Appellants.

*Court of Appeals, October 7, 1890.*

Reversing 47 Hun, 636, Mem.

1. *Appeal. Exception.*—Where there is a conflict of evidence upon a matter at issue, an exception to the refusal of the referee to find the fact in the affirmative is not well taken.
2. *Same. Finding of referee.*—It is sufficient, on a review in the court of appeals, that there is some evidence to support a finding of a referee, or to sustain his refusal to find as requested. In such case, the question of the weight of evidence is not before the court for consideration.
3. *Same. Conflicting findings.*—In case a referee's findings of fact are inconsistent, the appellant, on appeal, is entitled to the benefit of the finding the most favorable to him, unless the appellate court can reconcile and harmonize them so as to give effect to both of them.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon the report of a referee.

*George S. Hamlin,* for appellants.

*James Watson,* for respondents.

BRADLEY, J.—In the spring of 1882 the plaintiffs furnished the materials and performed the services of putting a steam heating apparatus into the defendants' building in the city of Brooklyn. This action was brought to recover the balance alleged to remain unpaid for that work. The defendants alleged that the work was done pursuant to contract, which the plaintiffs failed to perform, and claimed damages by way of counterclaim for the alleged breach of the contract. The purpose of the work was to make connections with the boiler and engine in the basement and

with the steam pipes, so as to supply heat in rooms on the second floor of the building with exhaust and live steam. And it was contemplated to take the supply from exhaust steam when the engine was running and from live steam when it was not in operation. After the pipes were constructed and connections made with six radiators the apparatus was not satisfactory. It failed to furnish from exhaust steam heat sufficient to warm the rooms to the required temperature, and the evidence tended to prove that the defendants in cold weather substantially abandoned the use of exhaust steam and relied mainly upon live steam to supply heat, and for that reason they asserted that the apparatus was defective, and gave evidence tending to support that claim. The questions presented, therefore, were, 1st, did the plaintiffs undertake that the apparatus should, with the exhaust steam from the operation of the engines in the building, heat the defendants' offices ; and 2d, was the work well and skillfully performed by the plaintiffs. The referee refused to find the first question in the affirmative ; and as there was a conflict of evidence upon that subject, the exception to the refusal was not well taken.

The referee found that the plaintiffs were employed by the defendants, and at the request of the latter furnished the materials and did the work, which were accepted by the defendants. In this there was not necessarily any undertaking as to results of the work further than that it should be skillfully done. Upon that subject the evidence of the parties was not in harmony. The controversy in that respect related mainly to the question whether the difficulty was in the character of the radiators and the insufficiency of the openings or inlets for the reception of steam, or in the fact that the number of them was too small and rendered so without the fault of the plaintiffs. The question of the weight of the evidence is not here for consideration. It is sufficient on this review that there was some evidence to support this finding of the referee, and to sustain his refusal to find as

requested. There are two items allowed to the plaintiffs to which attention is especially called by counsel. They were for a device designated as a trap put into the apparatus to return condensed steam to the boiler, and for putting in a relief pipe, which the evidence, on the part of the defendants, tended to prove were put in without their direction, and were not only of no use, but detrimental to the service for which the work was designed. It cannot be said, in view of what appears, that the plaintiff's claim for those items is wholly without evidence to sustain them; or that there was not some evidence tending to prove that they did serve or may have served some useful purpose, although the question may properly have been one of much doubt in the court below.

The matter of compensation to which the plaintiffs were entitled in view of the findings of the referee upon that subject, presents a question of more difficulty. While the defendants contend that the plaintiffs undertook to furnish the apparatus at cost to them with fifteen per cent added, the latter claimed that they were to have cost for the materials with fifteen per cent added, and for the labor employed the usual price charged for it; and evidence was given by the parties tending to support the claims alleged by them respectively in that respect.

In his report the referee found that the defendants promised to pay the plaintiffs for the erection of the apparatus and making the connections "the cost price to the plaintiffs of the materials furnished with fifteen per cent added thereto and the usual charge for labor," and based his conclusion of law upon the fact so found. At the defendants' request the referee also found that "the plaintiffs agreed to construct the apparatus for the cost to them with fifteen per cent added thereto." The defendants are entitled to the benefit of the finding the most favorable to them. Bonnell *v.* Griswold, 89 N. Y. 122. And if the latter one is so, it must be deemed controlling, unless it can be reconciled with

the former so as to harmonize them and give effect to both. Green v. Roworth, 113 N. Y. 462; 23 N. Y. State Rep. 149. It seems to embrace the entire work. If as urged by the plaintiffs' counsel the intention of the referee was not to include the labor in this finding he failed to give to it the qualification requisite to manifest his purpose. And a new trial must be granted unless it can in some manner · be obviated, as the charge made by and allowed to the plaintiffs for the labor employed exceeded the cost of it to them. It was not found what they did pay for the manual labor further than that the lowest price paid was twenty cents and the highest thirty-five cents per hour, but it did appear that they charged forty cents per hour for all of it; and that for the machine labor they charged eighty cents per hour. when one of the plaintiffs was asked if that was the cost of the latter to them, he answered that it was the regular price, which was all the evidence given on the subject. It undoubtedly was usual to add to the price paid for labor employed something by way of profits and to cover the use of tools furnished and the expense of superintendence, and the evidence tends to prove that the charges made by the plaintiffs were at the usual rates. But here, in view of the finding of the referee, the question becomes one of cost of the labor to the plaintiffs, upon which there was no evidence other than that before mentioned. Nor, is there any definite data furnished by the evidence upon which to base a correct statement of the cost of it.

The number of hours of the labor performed appears by the evidence, and in any view which can be taken of this branch of the claim the deduction, if the plaintiffs elect to make it, of $203 from the amount allowed for labor, must certainly have the effect to relieve the defendants from any prejudice resulting from the error in the conclusion of law in view of the finding made as requested. This gives the defendants the benefit of the terms of the contract as claimed by them.

The judgment should be reversed and a new trial granted, costs to abide the event, unless the plaintiffs elect to deduct from the recovery $203, with interest from August 3, 1882, and in that event the judgment as so modified be affirmed without costs in this court to either party.

All concur.