(27 Misc. Rep. 240.)

### HAYS v. UNION TRUST CO. OF NEW YORK et al.

(Supreme Court, Special Term, New York County. April 25, 1899.)

CANCELLATION OF DEED.

    A trust deed, by which plaintiff deprived herself of the management of her property for life, will be set aside where she was induced to execute it by her uncle, in whom she placed absolute confidence, did not understand the nature of the instrument, was not represented by counsel, and was ignorant of such matters.

Action by Mary Hays against the Union Trust Company of New York and others to set aside a trust deed.   Judgment for plaintiff.

Bassett & Williams, for plaintiff.

W. H. Peckham, for defendant Union Trust Company.

H. Randolph, for defendant Simeon J. Drake.

GILDERSLEEVE, J.    This is an action to set aside a trust deed given by plaintiff on June 12, 1893, to the defendant Union Trust Company of New York.    By this deed, the property of the plaintiff, consisting of specified securities, was given in trust to said company, which, by the terms of said deed, is to pay to plaintiff the income of the said property during her life, and at her death to pay over the principal to the issue of the plaintiff, should she leave any; and, if she dies without issue, then the company is to pay over the property to the issue of De Witt C. Hays, the uncle of the plaintiff.    Plaintiff's father left a considerable estate, upon his death, in 1874, to his wife for her life, and on her death to his children, of whom plaintiff is the sole survivor. De Witt C. Hays was the executor of said will, and had the exclusive management of the estate, and of the business affairs of the plaintiff, and of her mother, for a good many years.    The only witnesses called on the trial were the witnesses of the plaintiff.    All the defendants withdrew from the action, except the trust company and the infant defendant, Simeon J. Drake, the grandson of De Witt C. Hays, and one of the remainder-men under the trust deed.    The plaintiff is unmarried, and was about 30 years of age at the time of the making of said deed.    It appears that the plaintiff had the utmost confidence in her uncle, who had the sole management of her property; and it is clear, from the testimony, that De Witt C. Hays discharged the duties assumed by him, as executor and as custodian of plaintiff's property, with fidelity and ability, and that plaintiff's confidence in him was fully justified.    It further appears that plaintiff had no knowledge whatever of business matters, and had no other adviser than her said uncle, upon whom she relied absolutely.    It appears, from the uncontradicted evidence of the plaintiff, and of her aunt Catharine Hays, with whom she lived, that the uncle was obliged to use a great deal of persuasion to induce the plaintiff to sign the deed, which the plaintiff strongly objected to, on account of the ultimate disposition made of the property.    It appears that the aunt and her brother, the said De Witt C. Hays, were obliged to coax and tease and beseech the plaintiff for some time before she finally consented to sign the deed.    While it is admitted that the deed was read over to the plaintiff before she signed it;

and that she understood that the property was to go to the issue of De Witt C. Hays, in case she died without issue, still both the plaintiff and her aunt swear that they both understood that the instrument was a will and not a deed. The aunt swears that she coaxed the plaintiff to sign the deed, because her brother was sick and worried, and was very anxious to have the deed signed, and that she (the aunt) joined in the effort to induce the plaintiff to sign the deed "for the sake of peace." The uncontradicted evidence of the plaintiff shows that she did not understand that it was an irrevocable deed, and not a revocable will, until after the death of her uncle, when she wished to borrow money on the principal, and found that she could not; and that, after making this discovery, she promptly put the matter into the hands of her lawyer, and commenced this suit to set aside the deed. It appears that the plaintiff was not represented by any lawyer in the matter of the deed, and relied wholly upon the advice and counsel of her uncle. It appears that the income of the property is about $10,000 a year, and that the company charges a commission of $2\frac{1}{2}$ per cent. on said income for taking charge of the principal, and also that the company is to have its legal commission on the principal at the termination of the trust. The trust company expresses itself as perfectly indifferent to the result of this action, except that it claims its commissions, in case the deed is set aside, as if the trust had been fully carried out and the company were turning over the proceeds to the parties entitled to it under the trust deed. The counsel for Simeon J. Drake maintains that the deed should be sustained for the reason that no fraud or undue influence on the part of De Witt C. Hays is shown, and for the further reason that it is for the benefit of the plaintiff herself to uphold the deed, to prevent her from squandering or misapplying the principal. While this last assertion may perhaps be true, still, as she is 36 years of age, and as there is no evidence that she is of unsound mind, and as she swears that since her uncle's death she has become enlightened with regard to the management of property and business affairs, the evidence hardly seems to support the defendant's claim in this respect, that plaintiff should be deprived of the control of her property. The plaintiff's counsel claims that the deed should be set aside on account of the fiduciary relation existing between the plaintiff and De Witt C. Hays, the influence through which it was obtained, her misunderstanding of its contents, the lack of consideration, the omission of a provision for revocation, plaintiff's complete reliance on her uncle and respect for his advice, and because she was without independent legal counsel. It appears that, under her father's will, upon the death of her mother, which occurred in 1892, the plaintiff was given full control of her property, and would presumably have had full control of the same to-day, had she not been influenced to make this deed of trust. In the case of Ten Eyck v. Whitbeck, 156 N. Y. 353, 50 N. E. 967, the court of last resort, by Martin, J., used these words, viz.:

"Where the relation between the parties is that of parent and child, principal and agent, or where one party is situated so as to exercise a controlling influence over the will and conduct of the other, transactions between them are scrutinized with extreme vigilance, and clear evidence is required that the

transaction was understood, and that there was no fraud, mistake, or undue influence. Where those relations exist, there must be clear proof of the integrity and fairness of the transaction, or any instrument thus obtained will be set aside or held as invalid between the parties."

In the case at bar it is true that the uncle reaped personally no benefit from the trust deed, but his children or descendants, for whose welfare he was naturally solicitous, were placed in a position of advantage, in case of the death of the plaintiff without issue. Again, in the case of Green v. Roworth, 113 N. Y. 470, 21 N. E. 167, the court of appeals, by Ruger, C. J., laid down the following principle, viz.:

"It may be said as universally true that fraud vitiates all contracts, but, as a general thing, it is not presumed, but must be proved by the party seeking to relieve himself from an obligation on that ground. Whenever, however, the relations between the contracting parties appear to be of such a character as to render it certain that they do not deal on terms of equality, but that, either on one side from superior knowledge of the matter derived from a fiduciary relation, or from overmastering influence, or on the other from weakness, dependence, or trust justifiably reposed, unfair advantage in a transaction is rendered probable, there the burden is shifted, the transaction is presumed void, and it is incumbent upon the stronger party to show affirmatively that no deception was practiced, no undue influence was used, and that all was fair, open, voluntary, and well understood."

The uncontradicted evidence in the case at bar shows the absolute trust reposed by plaintiff in her uncle, her misunderstanding of the nature of the instrument, the persuasion and influence exercised upon her by her uncle and aunt, her lack of other counselors, and her ignorance of such matters.    It seems to me that, without discussing the other points raised by the plaintiff's counsel, it must be held that the act of plaintiff in executing the trust deed was not voluntary or well understood by her, and that for this reason the deed should be set aside. As to the claim of the trust company for commissions on the principal, as if the trust had been fully executed, I will hear argument when the decision herein is handed up for signature.    The plaintiff will give two days' notice of the settlement of the decision.

Judgment for the plaintiff, but, under the circumstances, without costs.