SELDA GOLDBERG, Respondent, *v.* CHARLES GOLDSTEIN, Appellant.

*Amendment of an answer — where the action is by an attorney against his client, it should be allowed, on terms, even after the case has been peremptorily set down for trial on a day certain.*

A client of an attorney having incurred an obligation amounting to $2,006.75 to the attorney, another client of the attorney entered into a contract with the attorney, by which he agreed to pay the debt. The attorney assigned the contract to his wife, and she brought an action to recover thereon. The case was placed upon the calendar and, after the trial thereof had been postponed a number of times at the instance of the defendant, it was peremptorily set down for trial on a certain date. The defendant then moved for leave to serve an amended answer.

*Held,* in view of the fact that the case involved a transaction in which an attorney had secured a substantial benefit from a client, that the motion for leave to serve the amended answer should not have been denied upon the ground of *laches,* but should have been granted upon terms which would be sufficient to indemnify the plaintiff for her costs and expenses.

VAN BRUNT, P. J., dissented.

APPEAL by the defendant, Charles Goldstein, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of May, 1903, denying the defendant's motion for leave to serve an amended answer.

*Charles G. F. Wahle,* for the appellant.

*A. Rosenstein,* for the respondent.

HATCH, J.:

This action is brought to recover a sum of money pursuant to the obligation of a contract, made and executed by the defendant,

whereby he promised to pay to Louis Goldberg, an attorney of this court, $2,006.75. This sum was originally incurred by one David Frishberg in favor of the attorney, Goldberg. Frishberg and the defendant were independent clients of Goldberg, and in the course of negotiations had between these persons and Goldberg the defendant, by the contract, promised and agreed to pay Frishberg's debt. After the contract was made it was assigned to Goldberg's wife, the plaintiff herein, who is now seeking to enforce the same.

It is evident from the facts disclosed by the papers that the transaction by which the attorney secured to himself a benefit in a considerable sum invites a close scrutiny of the transaction, and courts under such circumstances assume the obligation of requiring proof of the complete fairness of the entire matter. (*Sheehan* v. *Erbe*, 77 App. Div. 176; *Green* v. *Roworth*, 113 N. Y. 462; *Marden* v. *Dorthy*, *No. 1*, 12 App. Div. 176.) Goldberg was the person to whom the defendant and Frishberg applied for advice in connection with legal matters, and the obligation imposed upon Goldberg was that of the utmost fairness in dealing with them, and as he appears to have taken benefit from the transaction and drew the contract, the burden is devolved upon him of showing that the defendant understood fully and completely the nature of the transaction, the burden which he was assuming, and that no undue advantage was taken of him therein. As an original question, therefore, the court should have permitted every matter to be set up in the pleading which would present all of the issues essential to a full and complete investigation of the transaction. The learned court below felt constrained to deny the application to amend upon the ground of *laches*, and undoubtedly those *laches* were of such a character as in an ordinary case would require us to affirm the conclusion reached by the court below. The case, after being upon the calendar numerous times and the trial postponed at the instance of the defendant, was peremptorily set for a date prior to the making of the motion to amend. Postponements were mostly had on account of the engagements of counsel for the defendant in other trials. In view, however, of the character of the obligation sought to be enforced, the relation which existed between the attorney and the defendant, the motion should have been granted and terms imposed which would be sufficient to indemnify the plaintiff for her costs and expenses. Taking this

FIRST DEPARTMENT, NOVEMBER TERM, 1903.            [Vol. 87.

view of the case, we think the order should be reversed, with ten
dollars costs and disbursements of appeal, and the motion to amend
be granted upon the payment by the defendant of all taxable costs
and disbursements after service of the summons and complaint,
together with ten dollars costs of opposing the motion, to be paid
within ten days after the entry of the order herein.

PATTERSON, INGRAHAM and LAUGHLIN, JJ., concurred; VAN
BRUNT, P. J., dissented.

Order reversed, with ten dollars costs and disbursements of
appeal, and motion to amend granted upon payment by defendant
of all taxable costs and disbursements after service of summons and
complaint, together with ten dollars costs of opposing motion, to be
paid within ten days after entry of order herein.