GOLDBERG v. GOLDSTEIN.

(Supreme Court, Appellate Division, First Department. November 20, 1903.)

1. ATTORNEY AND CLIENT—TRANSACTIONS—FAIRNESS—BURDEN OF PROOF.

In an action by an assignee of an attorney against one who had been the assignor's client on a contract entered into while the relation of attorney and client existed, the burden of proving the complete fairness of the contract, and that the defendant fully understood the nature of the transaction, and that no undue advantage was taken of him, rests upon the plaintiff.

2. AMENDMENT—LACHES.

In an action by an assignee of a contract made while the relation of attorney and client existed between plaintiff's assignor and defendant the case was on the calendar several times and postponed at the in-

stance of defendant, on account of his counsel being engaged in other trials. A motion to amend was made by defendant at a time subsequent to the date for which the case had been peremptorily set. *Held* that, owing to the nature of the case, defendant's right to amend was not lost by laches.

Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Selda Goldberg against Charles Goldstein. From an order denying a motion for leave to serve an amended answer, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles G. F. Wahle, for appellant.

A. Rosenstein, for respondent.

HATCH, J. This action is brought to recover a sum of money pursuant to the obligation of a contract made and executed by the defendant, whereby he promised to pay to Louis Goldberg, an attorney of this court, $2,006.75. This sum was originally incurred by one David Frishberg in favor of the attorney, Goldberg. Frishberg and the defendant were independent clients of Goldberg, and in the course of negotiations had between these persons and Goldberg the defendant, by the contract, promised and agreed to pay Frishberg's debt. After the contract was made, it was assigned to Goldberg's wife, the plaintiff herein, who is now seeking to enforce the same.

It is evident from the facts disclosed by the papers that the transaction by which the attorney secured to himself a benefit in a considerable sum invites a close scrutiny of the transaction, and courts under such circumstances assume the obligation of requiring proof of the complete fairness of the entire matter. Sheehan v. Erbe, 77 App. Div. 176, 79 N. Y. Supp. 43; Green v. Roworth, 113 N. Y. 462, 21 N. E. 165; Marden v. Dorthy, 12 App. Div. 176, 42 N. Y. Supp. 834. Goldberg was the person to whom the defendant and Frishberg applied for advice in connection with legal matters, and the obligation imposed upon Goldberg was that of the utmost fairness in dealing with them; and as he appears to have taken benefit from the transaction, and drew the contract, the burden is devolved' upon him of showing that the defendant understood fully and completely the nature of the transaction, the burden which he was assuming, and that no undue advantage was taken of him therein. As an original question, therefore, the court should have permitted every matter to be set up in the pleading which would present all of the issues essential to a full and complete investigation of the transaction.

The learned court below felt constrained to deny the application to amend upon the ground of laches, and undoubtedly those laches were of such a character as in an ordinary case would require us to affirm the conclusion reached by the court below. The case, after being upon the calendar numerous times, and the trial postponed at the instance of the defendant, was peremptorily set for a date prior to the

making of the motion to amend. Postponements were mostly had on account of the engagements of counsel for the defendant in other trials. In view, however, of the character of the obligation sought to be enforced, the relation which existed between the attorney and the defendant, the motion should have been granted, and terms imposed which would be sufficient to indemnify the plaintiff for her costs and expenses.

Taking this view of the case, we think the order should be reversed, with $10 costs and disbursements of appeal, and the motion to amend be granted upon the payment by the defendant of all of taxable costs and disbursements after service of the summons and complaint, together with $10 costs of opposing the motion, to be paid within 10 days after the entry of the order herein. All concur except VAN BRUNT, P. J., who dissents.