(49 Misc. Rep. 439.)

### SACKETT et al. v. MILHOLLAND.

(Supreme Court, Special Term, New York County. February, 1906.)

PLEADING—AMENDMENT OF ANSWER—CONDITIONS.

    In an action for services as attorneys, the answer alleged that the contract sued on applied to certain transactions only, and not to all future transactions. Defendant moved to amend his answer by setting up the same matter as a counterclaim. Held, that the amendment should be allowed, though the case has appeared on the day calendar, on payment by defendant of all taxable costs and disbursements after service of the summons and complaint, with the further provision that the case remain on the day calendar, and the amended answer be served within one day after entry of the order.

    [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 626–635.]

Action by Henry W. Sackett and others against John E. Milholland. Motion for leave to serve an amended answer. Granted on conditions.

Schell & Elkus (Abraham I. Elkus and Norvin R. Lindheim, of counsel), for plaintiffs.

John F. Montignani (Edward N. Shepard and John M. Perry, of counsel), for defendant.

BLANCHARD, J. This is a motion by defendant for leave to serve an amended answer. Plaintiffs commenced action in September, 1904, to recover from defendant upon an alleged contract providing for the remuneration of plaintiffs for services performed by them as attorneys to defendant. Issue was joined by the service of an answer in January, 1905, and the case has appeared on the day calendar during the present month. The original answer served by the defendant sets

up as matter of defense that the contract alleged in the complaint was intended by the parties thereto to relate to certain particular transactions only, and not to recover all future transactions, as its literal terms might seem to provide. The amended answer, which defendant now desires to serve, sets up substantially the same matter as a counterclaim, upon which is demanded the reformation of said contract. Since no matter which is substantially new is contained in the amended answer, leave to serve the same should be granted upon proper terms. In a closely similar case (Goldberg v. Goldstein, 87 App. Div. 516, 84 N. Y. Supp. 782) the Appellate Division held that an order denying a motion like the present was improper, and reversed the same; granting leave to serve an amended complaint upon payment by defendant of all taxable costs and disbursements after service of the summons and complaint. These terms are accordingly attached to the granting of the present motion, with the further condition that the action remain upon the day calendar, and that the amended answer be served within one day after the entry of the order herein.

Ordered accordingly.