Rose Mazza, Respondent, v. Mary Cillis, Appellant.

Third Department, December 28, 1943.

*Harry A. Allan,* attorney for appellant.

*DeGraff & Foy,* attorneys (*William F. Conway* of counsel), for respondent.

SCHENCK, J. This action is brought by plaintiff to annul and cancel of record a deed purporting to have been executed by her conveying to herself and her daughter, the defendant herein, as joint tenants, certain property in the city of Albany.

Plaintiff, a woman of upwards of seventy years of age, was born in Italy. She neither reads nor writes Italian or English and can speak but little English. Her daughter is a woman in her middle fifties. Since the death of plaintiff's first husband, in 1931, plaintiff's business affairs had been taken care of by the defendant and by defendant's husband, Joseph Cillis, both of whom are literate. On November 4, 1935, plaintiff purchased premises 276 Madison Avenue, Albany, New York, from one of the local banks, paying therefor the sum of $3,600. The deed from the bank to plaintiff was recorded on that day. The clerk's records show that at the same time a deed alleged to have been executed by plaintiff and purporting to convey the premises to the plaintiff and defendant as joint tenants was also recorded. It is this instrument which plaintiff seeks to have annulled and canceled of record.

The court below found that plaintiff did not understand the nature of the transaction, that she did not intend to execute a deed of the property and accordingly directed judgment canceling of record this conveyance.

From the uncontradicted evidence it is clear that the defendant had the burden of establishing by competent proof that the plaintiff at the time she is alleged to have executed the instrument in question fully understood the nature and effect thereof.

In *Ten Eyck* v. *Whitbeck* (156 N. Y. 341) the court said, page 353: " Where the relation between the parties is that of parent and child, principal and agent, or where one party is situated so as to exercise a controlling influence over the will and conduct of another, transactions between them are scrutinized with extreme vigilance, and clear evidence is required that the transaction was understood, and that there was no fraud, mistake or undue influence. Where those relations exist there must be clear proof of the integrity and fairness of the transaction, or any instrument thus obtained will be set aside or held as invalid between the parties."

Here, the relationship between the parties was of such a character " ' as to render it certain that they do not deal on terms of equality, but that either on the one side from superior knowledge of the matter derived from a fiduciary relation, or from overmastering influence, or on the other from weakness, dependence or trust justifiably reposed, unfair advantage in a transaction is rendered probable,' " and accordingly the burden is shifted and the transaction is presumed void, making it incumbent upon the defendant to prove the fairness, integrity and complete understanding by the party from whom the benefit was derived. (*Barnard* v. *Gantz,* 140 N. Y. 249; *Nesbit* v. *Lockman,* 34 N. Y. 167; *Green* v. *Roworth,* 113 N. Y. 462; *Cowee* v. *Cornell,* 75 N. Y. 99.)

Defendant's husband, Joseph Cillis, and the attorney employed by him to handle the transaction testified that before the instrument was executed they stated to plaintiff that her daughter would have no present interest in the property; that she would not have any right to receive the rents or any part of them and that the general purpose of the instrument was to effect a transfer as of the date of plaintiff's death. Obviously, this was not the legal effect to be given this deed, which created a joint tenancy where the cotenants have an equal right to share in the profits from and an equal right to possession of the premises, which right takes effect from the time of the conveyance. This was far from "clear proof of the integrity and fairness of the transaction " but to the contrary would indicate that plaintiff had neither a comprehension nor an intelligent understanding of the effect of this deed running to defendant and herself.

While it may appear from the record that plaintiff's purpose in executing this deed was to provide that the daughter have the property after her death, the fact is she divested herself of a full legal title on the day she acquired the same property from the bank. Defendant further contends that about twelve years prior to this transaction plaintiff made certain statements indicating that she at some time would buy a house and put it in her daughter's name and that the conveyance here in question was executed as a gift. Here again defendant has failed to sustain the burden of proof of establishing a gift *inter vivos* to constitute which certain conditions must be fulfilled, to wit: (1) an intention of the donor to give; (2) delivery to donee of the thing given; (3) a present change from donor to donee of exclusive and absolute dominion and ownership; and (4) acceptance by donee. (*Matter of Van Alstyne*, 207 N. Y. 298; *Beaver* v. *Beaver*, 117 N. Y. 421; *Young* v. *Young*, 80 N. Y. 422.)

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed, with costs.