■ ANITA DUBITSKY, Individually and as Executrix of ANNA SCHLACTER, Deceased, Respondent, v. LOUIS SCHLACTER, Appellant.— Judgment unanimously affirmed, with costs. Memorandum: The judgment appealed from voided a deed made by the mother of the parties whereby she conveyed a one-half interest in certain realty to defendant. In affirming we state our views of the pertinent legal principles. We do not embrace the conclusion of the trial court that the gift of the one-half interest was one to take effect at the death of the mother. A gift *causa mortis* of realty is not recognized. (25 N. Y. Jur., Gifts, §§ 3, 32; *Butler* v. *Sherwood,* 114 Misc. 483, affd. 196 App. Div. 603, affd. 233 N. Y. 655). *McCarthy* v. *Pieret* (281 N. Y. 407) relied on by the trial court, passed upon an instrument which by its express terms provided that no right was to pass to the donee until the death of the donor. The deed herein, if executed with the requisite intent, immediately vested rights in appellant. There is nothing in the law that bars an *inter vivos* gift of realty (25 N. Y. Jur., Gifts, § 32). To establish such a gift, however, the party who benefited therefrom must prove, among other things, an intention of the donor to give (*Mazza* v. *Cillis,* 267 App. Div. 266, 269). Here a factual issue was presented as to whether the deed was executed (as contended by appellant) to permanently divest the mother of title because the mother was fearful that her daughter (plaintiff) might predecease her and the property would pass (by virtue of the mother's will) to plaintiff's husband or, on the other hand, (as contended by respondent) that the conveyance was a temporary arrangement so that the son, as the holder of the record title, could claim his mother as a dependent for income tax purposes. There is ample proof to support the conclusion of the trial court that respondent's contention was correct and that no donative intent on the part of the mother was established. Inasmuch as a confidential relationship existed between mother and son, a valid *inter vivos* gift must be established by clear and convincing proof (*Ten Eyck* v. *Whitbeck,* 156 N. Y. 341, 353). Proof of that quality is not found in the record before us. (Appeal from certain parts of judgment of Monroe Trial Term adjudging deed to be void.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.