In a proceeding for the administration of a decedent’s estate, in which the administrator petitioned pursuant to SCPA 2103, inter alia, for the turnover of an interest in certain real property, Elaine Lelekakis appeals, as limited by her brief, from so much of a decree of the Surrogate’s Court, Queens County (Kelly, S.), dated March 8, 2011, as, upon, in effect, confirming the report of a referee dated November 23, 2010, made after a hearing, granted that branch of the petition which was to recover the interest in the real property, and directed her and John Voyiatgis, as executor of the estate of George Voyiatgis, to each tender a deed conveying an undivided one-sixth share of the subject real property to the estate of James Voyiatgis.
Ordered that the appeal from so much of the decree as directed John Voyiatgis, as executor of the estate of George Voyiatgis, to tender a deed conveying an undivided one-sixth share of the subject real property to the estate of James Voyiatgis is dismissed, as the appellant is not aggrieved by that portion of the decree (see CPLR 5511); and it is further,
Ordered that the decree is affirmed insofar as reviewed; and it is further,
Ordered that one bill of costs is awarded to the petitioner, as administrator of the decedent’s estate.
Prior to August 19, 2002, James Voyiatgis (hereinafter the decedent), his sister, Elaine Lelekakis (hereinafter Elaine), and his brother, George Voyiatgis (hereinafter George), each owned an undivided one-third interest in certain real property as tenants-in-common. By deed dated August 19, 2002, the decedent conveyed his one-third interest equally to Elaine and George, thereby increasing the respective interests of Elaine and George in the property to 50%. In June 2003, the decedent died.
In 2006, the petitioner, as the administrator of the decedent’s *912 estate, petitioned, inter alia, for the return, to the decedent’s estate, of the one-third interest in the subject property that the decedent had transferred to Elaine and George. In February 2009, George died. Thereafter, a hearing was held before a referee, appointed pursuant to SCPA 506 (1) to hear and report in connection with the issue of whether the decedent’s inter vivos transfer of his one-third interest in the subject real property was effected for the decedent’s convenience, or constituted a gift. The petitioner presented evidence establishing that the decedent’s conveyance was for his convenience, and was designed to obtain a refinance mortgage loan on the property at a more favorable interest rate than would have been offered had decedent’s name remained on the title. The petitioner also presented evidence that, after the refinancing was completed, the decedent’s one-third interest in the subject real property was to be reconveyed to him. The attorney for George’s estate conceded that the decedent was a one-third owner of the subject property. Elaine, however, testified that the decedent conveyed his interest as a gift. The referee’s report recommended granting the petition. The Surrogate’s Court confirmed the report and granted that branch of the petition which was to recover the decedent’s interest in the subject real property.
“In a turnover proceeding, the burden of establishing that the property was that of the decedent rests with the petitioner, and once that burden is met, it shifts to the respondent to establish that it was a gift” (Matter of Kelligrew, 63 AD3d 1064, 1065 [2009]; see Gruen v Gruen, 68 NY2d 48 [1986]). Here, the petitioner met her initial burden of establishing that the one-third interest in the subject real property belonged to the decedent. The petitioner’s proof included, inter alia, deposition testimony given by George in a related proceeding, wherein he acknowledged that the decedent’s one-third interest was to be reconveyed to the decedent after the refinancing. Elaine failed to come forward with clear and convincing proof that the decedent intended to make a gift of his interest in the subject real property (see Horn v Horn, 101 AD3d 816 [2012]; Dubitsky v Schlacter, 34 AD2d 1093 [1970]; Matter of Abramowitz, 38 AD2d 387 [1972], affd 32 NY2d 654 [1973]).
Elaine’s remaining contentions are either unpreserved for appellate review or without merit.
Accordingly, the Surrogate’s Court correctly granted that branch of the petition which was to recover the disputed interest in the subject real property, and directed Elaine to tender a deed conveying an undivided one-sixth share of the subject real property to the decedent’s estate. Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.