EVAN JONES, Appellant, *v.* MORGAN JONES et al., Respondents.

When the due execution of a deed, the validity of which is in question, is shown *prima facie*, the burden is upon the party attacking it to prove, by a preponderance of evidence, facts rendering it invalid.

Where the ground of attack is the existence of such a confidential relation between the parties as to raise a presumption of fraud, the facts upon which such a relationship can be predicated must be proved.

So, also, as sanity and ability of men of mature age to transact business are to be presumed, when lack of ability on the part of the grantor to execute a deed is claimed, this must be proved by a preponderance of evidence.

Declarations made by a deceased grantor subsequent to his execution and delivery of the deed, are not admissible to prove the deed was intended as a mortgage.

(Argued March 3, 1893; decided March 14, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made February 18, 1892, which affirmed a judgment in favor of defendants, entered upon a verdict and affirmed an order denying a motion for a new trial.

This was an action of ejectment. Plaintiff claimed to be

seized in fee and entitled to the possession of an undivided one-third part of the premises as heir at law of John Jones, who died June 16, 1883, leaving two brothers and the children of a deceased brother the parties to this action. In August, 1879, said John Jones conveyed the property in question to the defendant Morgan Jones by deeds, each of which stated the consideration to be $100 and were signed by the grantor, who was blind and could not write, with his mark, witnessed by Philip Furlong and Edward Travers and acknowledged before Townsend Wandell, a lawyer, on August 7, 1879. On each deed there was the following indorsement:

"MEMORANDUM, AUG. 7, 1879.

"I fully explained to Mr. Jones the contents and effect of the within deed in the presence of Mr. Francis Sheridan, Mr. Philip Furlong and Frank M. Tichenor, at my office, No. 290 Broadway, 2.45 P. M., when he said that the deed had been read to him, he fully understood it, he had received the consideration and had signed and delivered the deed, and it was his free act.

"TOWNSEND WANDELL.

"Witness:

"PHILIP FURLONG."

Plaintiff proved that Wandell had been counsel for John Jones since 1875, and that the deeds were drawn by the former in accordance with directions of the latter and sent to the grantor inclosed in a letter to Francis Sheridan. About a week later the grantor accompanied by Sheridan brought the deeds to Wandell's office signed and after a conversation as to their contents they were executed. Sheridan, who was in the employ of defendant Morgan Jones, testified that he had known John Jones intimately for thirty years; that several times prior to August 1, 1879, he told him he was going to give his property to Morgan Jones, so that plaintiff should not get any of it, as he had not treated him right in business; that he took the deeds as soon as received by him to John Jones, who asked him to read them to him, and upon his commencing to read the printed matter stopped him and told him to read only the written description in each, and

after he had done so told him to take them to Morgan Jones'' store which witness did; soon after John Jones came there, and after calling the witnesses' attention to the fact that the consideration had been left blank, directed him to write in each $100 as the consideration; and after the witness had done so said grantor signed the deeds by making his mark under direction of the witness. It also appeared that Morgan Jones paid the consideration mentioned in the deeds when they were executed and they were delivered to Wandell by the grantor with directions to have them recorded. There was evidence that after the conveyance John Jones sometimes collected the rents of the property described in said deeds and two of the tenants testified that shortly after the transfer he told them of it and directed them to pay the rent in future to Morgan Jones.

Upon the trial plaintiff claimed among other things that the deeds were presumably fraudulent on account of alleged confidential relations existing between the grantor and the defendant Morgan Jones; also that they were merely intended as mortgages.

The following is the opinion in full:

" In this case, after a careful perusal of the whole evidence, we are of the opinion there was no ground for the claim that the deceased, John Jones, at the time of the execution of these deeds, occupied such a confidential relation towards defendant Morgan Jones as to create a presumption arising from the fact of such relations, that the transaction resulting in the execution of the deeds was a fraud and, therefore, void. Hence, there was no error in the charge of the learned court as to the burden of proof, when he said that if the evidence before the jury was of even balance, whether the grantor had a disposing mind, the verdict must be for the defendant.

" The plaintiff claimed as heir at law of John Jones. If the relations between the parties to the deeds were not confidential, so as to create a presumption of fraud in the transaction and, therefore, calling for a full explanation and proof that it did not exist, then upon proof of the due execution of the deeds, the defendant could rest his claim, and it would be

for the plaintiff to overthrow it by evidence. Sanity and ability to transact business are the usual and ordinary conditions of grown men, and he who asserts a lack of ability on the part of a grantor to execute a deed whose due execution is *prima facie* shown, must prove that lack of ability by a preponderance of evidence. This is an old rule and well known. (*Jackson* v. *King*, 4 Cow. 207.)

" The many cases cited by the learned counsel upon the question of what will constitute these confidential relations, we do not war with.

" Such relations may undoubtedly exist outside of those arising from the position of guardian and ward, attorney and client, pastor and churchman, physician and patient and the like. (*Cowee* v. *Cornell*, 75 N. Y. 91; *Fisher* v. *Bishop*, 108 id. 25, and many other cases.)

" The evidence in this case shows, as it seems to us, an entire absence of those facts upon which confidential relations can be predicated, and an entire absence of any influence whatever proved or to be inferred, on the part of Morgan Jones upon John Jones with regard to this transaction.

" In such case the ordinary presumption attaches as to the validity of the deed and the disposing capacity of the grantor upon proof of the due and proper execution of the instrument, and the burden rests with the party attacking the deed to prove his case.

" There being no confidential relations, the case contains no sufficient evidence of any other undue influence to warrant the submission of that fact to the jury.

" The other ground for a new trial lies in the charge of the judge that these deeds, if valid, were absolute and no question as to their being intended as a mortgage arose in the case.

" In this we think the court below correctly decided. A careful reading of the evidence convinces us there was not enough to be submitted to a jury to permit them to find there was any such agreement or understanding.

" Sheridan's evidence as to his manner of bookkeeping and the fact that sometimes after the execution of the deeds, John Jones collected some of the rents under the circumstances proved, constitute substantially the only testimony in the case

which the appellant claims tends to prove the existence of any such agreement or understanding. The declarations said to have been made by John Jones subsequent to the execution and delivery of the deeds were not admissible for the purpose of proving this fact, and if admitted, they are not sufficient even when taken in connection with the rest of the testimony to make out the claim as to a mortgage.

"These are the chief points alluded to for the purpose of procuring a reversal. We have read the opinion delivered at the General Term, and are entirely satisfied that the case has been correctly disposed of.

"The judgment must be affirmed, with costs."

*John E. Parsons* for appellant.

*Joseph H. Choate* for respondent.

*Per Curiam* opinion for affirmance.
All concur.
Judgment affirmed. _____