HATCH, J.
The plaintiffs seek by this action to set aside a deed, and have the same canceled of record, on the ground that the same was procured to be executed through fraud and deceit. The premises consist of a house and lot which plaintiff obtained by purchase December 3, 1891. She deeded the^ premises to de- ' fendant Edith A. Hallett, her granddaughter, by warranty deed, with a covenant against incumbrances, two days after the purchase. The court has found that plaintiff executed the deed with the desire and intention of vesting the title to the property in defendant for the purpose of avoiding a contest over her will, and preventing plaintiff’s daughter from inheriting the same ; that she executed the deed, fully comprehending the nature and character of her act, after thie same was read over to her; that she was capable of seeing and reading at the time, and signed the same with her own hand, and without assistance; that the consideration for the deed was an agreement between plaintiff and defendant that the former was to have the use .of the property conveyed during her life, and enjoy the income thereof, after paying taxes and insurance. Judgment was directed dismissing the complaint on the merits, and decreeing that plaintiff has a *756 life estate in the property, and is entitled to keep the rents thereof over and above the taxes and insurance. The decision is vigorously attacked, as being against law and the evidence in the case. We have carefully examined the proofs given upon the trial, and are satisfied from them, that the conclusion reached by the trial: court is, in the main, correct. It sufficiently appears that plaintiff’s faculties, although somewhat impaired, are not more so than would be expected at her age. Her memory is good ; her mental condition sufficient to fairly understand the ordinary transactions of her life and such business matters as she been called upon to perform. The claim that she was blind, and unable to see, was negatived by the finding of the court, and the evidence was sufficient for that purpose. If we assume that the allegation of the complaint in this regard was not denied, the court was not concluded thereby from making such disposition of the case as upon all the proofs equity seemed to require. Plaintiff has had the sole charge of the defendant Edith Hallett from infancy. They stood in the relation of parent and child. She was evidently distrustful of her own daughter, and desired to protect the granddaughter in the enjoyment of such property as she should leave. Uncertain that the will which she had made in her granddaughter’s favor would be sufficient for that purpose, we think the evidence fairly establishes that she made and executed the deed under substantially the circumstances detailed by the witness Powers and the defendant. She did not explicitly deny the statement made by Yan Yechten that she had purchased the property with this intention. In disposing of this case we recognize the rule that, where the parties stand in a confidential relation to each other, and a benefit is derived by the party holding the dominant position, which naturally excites suspicion, the onus of proving the transaction to have been fair,' and such as the party conferring the benefit understood and intended, is cast upon the recipient. He must show by proof that the transaction is free of fraud and undue influence. Barnard v. Gantz, 140 N. Y. 249; 55 St. Rep. 541. We are not prepared to say that the defendant has failed in this regard. It seems quite clear from the proof that plaintiff intended at the time when she purchased the property to ultimately vest the defendant with its title. This is evidenced by the relations they bore to each other, the making of the will, and her declaration at the time of the purchase. What followed, as narrated by defendant and Powers, was in harmony with her prior preconceived intention. No person, we think, can read the testimony-with unpartisan bias, and not reach the conclusion that prior to the execution of the deed she contemplated doing what the witnesses say she did do. So that their testimony as to what took place is the natural sequence of defendant’s intention, and it is impressed upon the mind that their version of the transaction is correct. With much more force can this be said of the trial court, who had all of the witnesses before it, and received the benefit of all those forceful incidents and circumstances, many times themselves of controlling importance, of which scarcely the shadow can be transferred to the record. • - - '
*757 We are not warranted in reversing the judgment because we might have reached a different conclusion upon the evidence. To justify such result it must appear that the conclusion is against the weight of evidence, or that the proofs so clearly preponderated in favor of a contrary result that error is established with a reasonable degree of certainty. Baird v. Mayor, etc., 96 Y. N. 567. Applying this rule here, we find mo substantial grounds upon which to disturb this judgment. The case is not to be disposed of upon considerations of what occurred subsequent to the execution of the deed. We are quite, ready to lend our assent to the criticism of defendant’s subsequent conduct when differences had arisen between the parties, and to condemn whatever of action tended to defeat plaintiff’s enjoyment of the profits of the property. But this does not enable us to hold that this deed can be defeated. Here every essential step was taken to vest the defendant with title to and dominion over the property. Their subsequent differences could not defeat its effect. 4 Kent, Comm. (12th Ed.) 462; Gray v. Barton, 55 N. Y. 68.
Plaintiff claims that the agreement which was the consideration for the deed was void. This is quite true, if it had never been executed. The court has contented itself with stating the grounds of its decision, as is now permitted by the Code, and did not make specific findings. It uses language showing an agreement which it calls the consideration for the deed. This was not a happy statement of the real consideration for it We may be willing to say that a reservation of a part of the estate granted would not constitute consideration for a grant of the ° estate itself. Because the court has stated a wrong reason for its determination is no reason for reversing its conclusion when the facts warrant the judgment rendered. The consideration for this deed was in fact the love and affection which plaintiff bore for her granddaughter, and this has always been recognized as a good and sufficient consideration between parties relative of the blood. Goodell v. Pierce, 2 Hill, 659; 2 Washb. Real Prop. 103, 652, 656. The execution and delivery of the deed contained all the elements of a perfect gift inter vivos. Mercantile Safe-Deposit Co. v. Huntington, 89 Hun, 465; 69 St. Rep. 776. The payment of the dollar at the time of delivery did not change its character or the consideration. This was given, not inpayment, but to satisfy the parties of the validity of the transaction. Gray v. Barton, supra. The fact that the deed did not express the true consideration, and did not contain the reservation of the life estate, is no objection to the judgment. The court had all the parties before it, had jurisdiction of the person and subject-matter, and it was authorized to render such judgment as the proof showed plaintiff entitled to and as equity required. Valentine v. Richardt, 126 N. Y. 272; 37 St. Rep. 12.
As we view the case, there yet remains one particular in which the judgment should be modified. It was known to both parties when the deed was executed that plaintiff’s bond was outstanding, secured by a mortgage upon the property for $500. The land is the primary security for its payment. Wilbur v. Warren, 104 N. Y. 192; 5 St. Rep. 602. As defendant receives the land, there *758 being no intent that plaintiff should pay or was able to pay the mortgage, equity requires that defendant assume the payment of the incumbrance, and relieve plaintiff from liability thereon. The judgment should therefore be modified so as to provide that defendant is chargeable with the payment of the mortgage, and, as modified, the judgment is affirmed, with costs to appellant.
All concur.