(33 App. Div. 181.)

## BISHOP V. SEAMEN'S BANK FOR SAVINGS.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

TRUST—PRESUMPTION.

A woman deposited money in a savings bank in her name, as trustee for her husband, and drew the interest thereon during her life. She survived her husband, and at her death the pass book was found among her assets, but was presented to the bank, and the deposit drawn out, by the administrator of her husband, before any demand was made therefor by the administrator of the wife. *Held*, in an action by the latter against the bank, that the presumption of a trust was not rebutted, and that the defendant was thereby protected in its payment.

Appeal from trial term, New York county.

Action by Thomas J. Bishop, administrator of Ellen C. Maxwell, deceased, against the Seamen's Bank for Savings. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, RUMSEY, and O'BRIEN, JJ.

Charles A. Decker, for appellant.

W. W. Thompson, for respondent.

O'BRIEN, J. On May 14, 1881, Ellen C. Maxwell, plaintiff's intestate, opened an account with the defendant, and complied with its rules, by making the statement required of depositors on opening an account, and by enrolling her signature, "Ellen C. Maxwell, in trust for George T. Maxwell." Upon the opening of the account she subscribed to the by-laws of the bank. From time to time thereafter, and up to the date of her death, she made various deposits in the account, allowed the interest to accumulate, and made drafts therefrom. From January, 1887, to the time of her death, she withdrew all interest moneys which were allowed on the account. George T. Maxwell, her husband, died on the 9th day of January, 1893. On the 9th day of February following, Ellen C. Maxwell drew from the account $57.76. On April 23, 1893, Ellen C. Maxwell died. The pass books issued by the defendant, containing this account, were found among the effects of Mrs. Maxwell after her decease, and were taken into the possession of the plaintiff, as her administrator, and retained by him until they were delivered to his attorney at law. Administrators were appointed upon both the estates of Ellen C. and George T. Maxwell. The administrators of the latter on the 14th of June, 1895, presented the pass book to the defendant, and it paid over to them at that time the money standing to the credit of that account. This payment, it is claimed, was unwarranted,—the insistence being that the plaintiff herein was and is the only one entitled to receive the same, as administrator of Ellen C. Maxwell; and it was to recover from the bank the amount that this action was brought.

The question upon this appeal presents but another phase of a subject which has been many times litigated, and disposed of by appellate courts, beginning with the case of Martin v. Funk, 75 N. Y. 134, and further considered in Mabie v. Bailey, 95 N. Y.

206, Beaver v. Beaver, 117 N. Y. 430, 22 N. E. 940, and Cunningham v. Davenport, 147 N. Y. 43, 41 N. E. 412, and numerous other cases. In Mabie v. Bailey, supra, the opinion says:

"The case of Martin v. Funk decided that a deposit made in the form of the deposit in this case constituted a trust, and, unexplained, operated to transfer the beneficial interest in the deposit to the beneficiary nam.d, subject to the conditions of the trust to be implied from the circums.ances. * * * The court in Martin v. Funk left undecided the point whether, in respect to such a transaction, 'surrounding circumstances may not be shown to vary or explain the apparent character of the acts, and the intent with which they were done.' If it was now necessary to decide that point, I should incline to the opinion that the character of such a transaction, as creating a trust, is not conclusively established by the mere fact of the deposit, so as to preclude evidence of contemporaneous facts and circumstances constituting res gestæ, to show that the real motive of the depositor was not to create a trust, but to accomplish some independent and different purpose, inconsistent with an intention to devest himself of the beneficial ownership of the fund."

Therein also was considered the effect of the withdrawal of deposits by the trustee, and such fact appearing, it was said—

"Is not legitimate evidence that he did not intend, when the deposits were made, to create a beneficial trust for the beneficiaries named. If the withdrawal was with intent on his part to ignore the trust, and to convert the money to his own use, it might be competent evidence of a change of purpose, but it throws no light on the original transaction."

In the case at bar we have nothing but the naked fact of the deposit of the money in the name of Ellen C. Maxwell in trust for George T. Maxwell. No competent proof was offered to show that this money was Mrs. Maxwell's, if that fact could have any material bearing on the result; that that was attempted to be shown being that George T. Maxwell was a janitor, who had but the income derived from such a position, while his wife had received from her father's estate $40,000. The offer of such evidence was rejected, and the ruling thus made we think was right, for the reason that upon the question whether the money was Mrs. Maxwell's or not, if material, it could not be shown by proof that George T. Maxwell was a man working for a salary, while his wife was a woman of means. If we assume, however, that it was her own money, this would not change the presumption arising from the form of the account, that the deposit, as made, created a trust in favor of George T. Maxwell; but at most, it would have permitted the introduction of proof of the surrounding circumstances, if any had been offered, which tended to throw light on the original transaction in making the deposit, as bearing upon the intent with which such deposit was made. No such proof, however, was offered. The nearest approach to it were declarations of Mrs. Maxwell to her niece, made during Mr. Maxwell's illness, which was some 12 years after the deposit was made. Such declarations, made so long after the original transaction, were not admissible. Mabie v. Bailey, supra. The presumption from the deposit, which is in no way rebutted by any testimony, is that a trust was created for the benefit of George T. Maxwell. Had he survived his wife, no question could possibly have arisen as to his right to claim the

money, even as against his wife's administrators. It is insisted, however, that the fact that he died before his wife in some way caused a lapsing of the trust, and that the absence of any evidence that the beneficiary ever claimed any interest in the deposit during life, and the further fact that the pass book was found among the assets of the wife after her death, gave to the representative of the latter the right—at least, as against the bank—to the payment of the money. We must not fail to note the distinction existing between a contest waged between the administrators of the trustee and the beneficiary, where the money is still on deposit, and one between either of such persons and the bank after the latter has made a payment upon presentation of the pass book. The former question is not here involved, and need not be considered. In this claim, brought directly against the bank, after the payment to the representatives of the beneficiary, before any demand by the representatives of the trustee, we think that in such payment the bank is absolved from further liability to account to the plaintiff. In our view, the trust did not lapse by the death of the husband before his wife, for the reason that, if the presumption holds good (as it does in the absence of evidence rebutting it) that a trust was created, the authorities are uniform in holding that, when once created, it is irrevocable. There is no force, therefore, in the argument, based upon the lapsing of the trust, of the reverting of the fund to the donor or creator of the trust.

Our conclusion is that, the plaintiff never having made any demand upon the bank, and the latter having paid over the money on presentation of the pass book to the representatives of the deceased beneficiary, it is protected in such payment, and the dismissal of the complaint for that reason was right; and the judgment should be affirmed, with costs. All concur.