(29 Misc. Rep. 492.)

## WASHINGTON v. SEAMAN'S BANK FOR SAVINGS.

(Supreme Court, Special Term, New York County. November, 1899.)

SAVINGS BANKS—DEPOSITS—PLEADING.

> Where an administrator sued for savings deposits made by his intestate in defendant's bank in her name "in trust for T. H.," plaintiff having alleged that the name "T. H." was fictitious, that the deposits were really made by decedent for her own benefit, and that the defendant knew this to be true, plaintiff's case depends on her proving such allegations, and defendant is not, therefore, entitled to an order making T. H. and other parties defendant, under Laws 1892, c. 689, declaring that in an action against a savings bank to recover a deposit, if there are any persons not parties who claim the fund, the defendant is entitled to an amendment making such persons parties defendant.

Motion by the Seaman's Bank for Savings for an order making Thomas Hunter and others parties to the action by Walter S. Washington, as administrator of Margaret Hunter, against said bank, for recovery of deposits. Denied.

Strong & Cadwalader, for the motion.

Guggenheimer, Untermyer & Marshall (Louis Marshall, of counsel), opposed.

BOOKSTAVER, J.   In 1884, Margaret Hunter opened an account in the defendant savings bank in the form, "Margaret Hunter, in trust for Thomas Hunter." The original deposit, with additions and accumulations, now amounts to over $1,000, and her administrator sues for the amount, alleging "that the name 'Thomas Hunter' was, as the defendant well knew, a fictitious and assumed name, and the said account was intended to represent deposits made by the said Margaret Hunter for her own use and benefit, and not for the use and benefit of any other person, as the defendant well knew." The defendant moves, on a petition, under section 115 of the banking law (chapter 689, Laws 1892), which in part provides as follows: "In all actions against any savings bank to recover for moneys on deposit therewith, if there be any person or persons, not parties to the action, who claim the same fund, the court in which the action is pending, may, on the petition of such savings bank, and upon eight days' notice to the plaintiff and such claimants, make an order amending the proceedings in the action by making such claimants parties defendant thereto; and the court shall thereupon proceed to determine the rights and interests of the several parties to the action in and to such funds,"—for an order amending the proceedings in the action by making "Thomas Hunter, the beneficiary of trust No. 233,889 in the Seaman's Bank for Savings in the city of New York, and all persons unknown, being herein generally described as the wife, next of kin, executors, administrators or assigns, if any, of

said Thomas Hunter," parties defendant, and for an award of costs of the action thus far, and for $10 costs of this motion out of the fund. Instead of conceding the allegations of the complaint as to the name "Thomas Hunter" being fictitious, the defendant asserts that at the time Margaret Hunter opened the account she stated, in answer to inquiries made by the defendant's officers, that her husband's name was Thomas Hunter, and that she had a son of the same name. The plaintiff resists the application on the ground that it is not shown that there is any other claimant, as provided by the section quoted; no person other than the plaintiff having ever demanded the deposit. To this argument the defendant rejoins that, as title to the deposit passed by operation of law to the beneficiary upon the death of the creator of the trust, leaving the trust account "open and unexplained" (Cunningham v. Davenport, 147 N. Y. 43, 41 N. E. 412, 32 L. R. A. 373; Bishop v. Bank, 33 App. Div. 181, 53 N. Y. Supp. 488), no demand on the part of the beneficiary was necessary to bring him within the class intended by the statute quoted. It is also further urged on behalf of the defendant bank that, even if it be probable that there was no such person as Thomas Hunter, nevertheless, since the deceased depositor opened the account in the form adopted, she was at fault for creating a situation of doubt and insecurity for the defendant, and her estate should bear the expense of service by publication of a summons amended in the form prayed for in the petition, rather than that the bank should be left exposed to a possible future demand from the unknown beneficiary or his representatives. This argument would be convincing in favor of this application were it not for the fact that the complaint alleges that the name of the beneficiary was fictitious, and that the deposit was for the depositor's own use and benefit, and that the bank knew such to be the case. Unless the plaintiff can prove these allegations, she cannot prevail upon the trial; but, if she does prove them, the defendant will neither require nor deserve the protection sought in this application. The plaintiff takes the risk of being able to make such proof in insisting on proceedings with this action in its present form. If she fails, she will have not only the costs of the action to pay, but may also have to bear the expense of the course the defendant now seeks to have taken; and she should be required to bear such expense in the event that the trial leaves it uncertain whether the name of the beneficiary was a fictitious and assumed one.

Motion denied.