(47 App. Div. 421.)

ROSEVEAR v. SULLIVAN et al.

(Supreme Court, Appellate Division, Second Department. January 30, 1900.)

1. CANCELLATION OF DEED—CONSTRUCTIVE FRAUD—BURDEN OF PROOF.

Where a woman considerably advanced in years, weak physically and mentally, while distressed over her inability to pay taxes on her property, deeds the same to one in possession of all his faculties in consideration of the latter's agreement to care for her during her life, the burden of showing that the transaction was fair and honest rests on the grantee, in an action by the grantor to set aside the deed, and, in the absence of such proof, constructive fraud will be presumed.

2. APPEAL AND ERROR—FINDINGS OF TRIAL COURT—RECORD.

Where the determination of a cause by the trial court is largely influenced by the age and appearance of the parties and their manner of giving testimony, the findings of the trial court will not be disturbed in the absence of affirmative error in the record.

Woodward, J., dissenting.

Appeal from special term, Kings county.

Action by Emma M. Rosevear against Ellen Sullivan and another to set aside a deed. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Andrew F. McNickle, for appellants.

Robert L. Turk, for respondent.

HATCH, J. The plaintiff is a woman considerably advanced in years, who owned the property which is the subject of this action. She had lived alone upon a part of the premises, and had rented a part to the defendant Timothy Sullivan for some time prior to the execution of the deed. Some taxes having accumulated upon the property, under which it might be sold, the plaintiff was considerably distressed thereby, and applied to the defendant Timothy Sullivan for advice. He advised her to see her relatives, and ascertain if money could not be raised by them to pay these taxes. The relatives of the old lady refused relief, and she again applied to him for further advice. At that time, or before, either through himself or through his wife, Ellen, a proposal was made by the defendants to provide for the support of the plaintiff during her lifetime, and her decent burial after death, in consideration of the plaintiff's giving her property to them. To this proposition the plaintiff assented. Thereafter, and in June, 1896, a deed of the premises was drawn, executed by the old lady, and the defendants caused it to be recorded, procured a loan of $500 upon the premises, from the proceeds of which the taxes were paid and an incumbrance of $119 and interest was discharged. The plaintiff continued to live with the defendants until about November 2d of the same year, when she left the house, with her daughter. It is evident from a reading of the testimony that the plaintiff was old and enfeebled, while the defendants were in the full possession of all their faculties. The character of the examination and the testimony given by the plaintiff, appearing in the record, constitute the best evidence of these facts, and also of the fact that the parties did not deal upon terms of equality. The testimony of the plaintiff was contradictory in many respects. While making affirmative answer to all that defendants' counsel asked her, she immediately proceeded to contradict such testimony in answer to questions by her own counsel. The whole examination indicates a mind of wavering character and of small understanding. The court, in delivering its decision, stated, among other things:

"I do not think this transaction can be upheld. The plaintiff was in a dependent condition in relation to Mr. Sullivan and his wife. That I spell out of the facts, and it is overwhelmingly corroborated by the appearance of the woman,—my seeing her, and hearing her testify. I find that she was in a dependent relation to Mr. and Mrs. Sullivan. That creates the presumption that the transaction was not fair, because she gave the property, without consideration, to. a stranger. I do not think that presumption has been removed by the evidence."

While it may be said that the agreement to support, if fairly made upon a full understanding by the parties, dealing upon terms of sub-

stantial equality, would furnish a good consideration for the deed, yet where they do not so deal, and where one party has the advantage of the other, then the burden is upon the stronger party to furnish satisfactory proof that the transaction was in all respects fair (In re Smith's Will, 95 N. Y. 516; Cowee v. Cornell, 75 N. Y. 91); and if there be failure in this regard, constructive fraud will be presumed (Green v. Roworth, 113 N. Y. 462, 21 N. E. 165). Where it is claimed that one party is dependent upon the other, and such a relation existed as precludes the idea that they dealt upon terms of equality, the appearance of the parties themselves oftentimes furnishes the strongest and most conclusive evidence of the fact. We have before observed that the testimony in this case strongly indicates feebleness and wavering upon one side and comparative strength upon the other. Under such circumstances the controlling factor in determining whether that equality which the law requires exists or not is the appearance of the parties themselves. In the present case the court has stated in terms that the appearance of the parties is the convincing fact which controlled its judgment. There is, therefore, presented a case of a class where the facts which are controlling with the court are impossible of transmission to an appellate tribunal, which deals alone with a printed record. Scarcely a shadow of the controlling fact governing the action of the learned court below is now before us, and we are required to give force and effect to such consideration. Adee v. Hallett, 3 App. Div. 308, 311, 38 N. Y. Supp. 273; Marden v. Dorthy, 12 App. Div. 176, 185, 42 N. Y. Supp. 834; Bullion v. Bullion, 73 Hun, 437, 441, 26 N. Y. Supp. 337; Siefke v. Siefke, 3 Misc. Rep. 406, 25 N. Y. Supp. 762. In the absence of affirmative error appearing in the record, the finding based thereon should receive sanction and support. In the present case it is clearly apparent that the defendants will not have suffered the loss of a single penny. All of the moneys which have been expended by them upon this house were raised upon it as security. The defendants have been in the use and occupation of the premises since the deed was executed, and are at present in the enjoyment of them, having paid no rent. The excess of money received over and above the amount which the defendants have paid in discharge of the taxes and the incumbrance was sufficient to pay for the support and maintenance of the plaintiff during the time she resided with them. If other expenses were incurred in excess of such sum, they have not been proved upon this trial. It is fairly to be gathered from the record that some difficulties have arisen between Mrs. Sullivan and the plaintiff, which rendered residence by the former with the latter more or less uncomfortable. If the transaction be permitted to stand, it seems fair to assume that the plaintiff will not be able to enjoy—at least with any degree of comfort— the consideration for the property. It is therefore evident that, as the defendants will not have suffered loss, and the plaintiff will lose, for all practical purposes, her entire property, this transaction should not be upheld unless the court be absolutely compelled to that course. In addition to this, it appears that, while all agree that the consideration for the deed was the agreement to support

during life and burial after death, yet such consideration was not recited in the deed, and there is nowhere any evidence of the same except in the oral testimony of the witnesses. In view of all the facts in the case and the determination of the court, based upon the appearance of the witnesses and their manner of giving testimony, we think that the conclusion reached by the court should have the sanction of this tribunal. The judgment should be affirmed.

Judgment affirmed, with costs. All concur, except WOODWARD, J., who dissents, and HIRSCHBERG, J., who takes no part.

WOODWARD, J. (dissenting). The plaintiff in this action, prior to the 30th day of June, 1896, was the owner in fee of certain premises situate in Bath Beach, Brooklyn. The defendants, Ellen Sullivan and Timothy Sullivan, occupied a portion of the premises as tenants, plaintiff occupying a room on the top floor, and taking her meals with the defendants, who were husband and wife. Some time during the month of June the plaintiff received a notice from the comptroller to the effect that several years' taxes were due, and that the premises would be sold to satisfy the claims of the state. The plaintiff's husband had left her some years before, and her family were scattered. She went to Timothy Sullivan with this notice, and asked him what to do. He advised her to go to a cousin, who was said to be able to help her, and to get the money necessary to pay the taxes. The plaintiff agreed to follow this advice, and reported that she had done so, but that the cousin refused to do anything for her. Mr. Sullivan talked the matter over with her. There were some liens against the property, amounting to something over $300. He proposed that the plaintiff deed the property (the equities in which are conceded to be $1,500) to his wife in consideration of an agreement on their part to take care of her during her natural lifetime, and to give her a decent and respectable burial at her death. Mr. Sullivan told her not to act hastily in the matter; to go and talk it over with her friends, and tell the people just what he had proposed. Plaintiff said she was perfectly satisfied. Mr. Sullivan employed a neighbor, a lawyer, to draw up the deed. This was read to her, both by Mr. Sullivan and by Mr. Hahneman, the attorney who drew the deed; and the plaintiff signed and executed the deed, which was afterwards properly recorded. Subsequently the defendants executed a mortgage for $500 to the Title Guarantee & Trust Company, and with the proceeds paid off the incumbrances upon the property. The plaintiff continued to live with the defendants, was taken ill, was treated by a physician, the expense being paid by the defendants. In November plaintiff's daughter came to the house of the defendants, and took the plaintiff away. It is alleged that the defendants have failed to perform their part of the contract, but the evidence, which is not disputed, shows that they did fulfill their part of the contract up to the time of the departure of the plaintiff, that they assured her that there was a home for her there whenever she wanted to come back, and they still assert a willingness to afford her a home. It is alleged that the plaintiff left because of harsh or cruel treatment on the part of

Mrs. Sullivan, but the evidence does not warrant the conclusion that there was any such conduct on the part of the defendants, or either of them, as to defeat the purposes of the contract, and the plaintiff admits that Mr. Sullivan had always treated her kindly. The learned court before whom the case was tried stated at the close of the evidence: "I do not think this transaction can be upheld. The plaintiff was in a dependent condition in relation to Mr. Sullivan and his wife. That I spell out of the facts, and it is overwhelmingly corroborated by the appearance of the woman,—my seeing her and hearing her testify;" and judgment was ordered for the plaintiff setting aside the deed, and granting the plaintiff a money judgment for $210, without costs. What principle was made use of by the learned court to "spell out" that the plaintiff was in such a dependent condition in respect to the defendants as to raise a presumption of fraud, I am unable, from a careful reading of the record, to determine; and I am forced to conclude that it is not one common to the jurisprudence of this state, and that it ought not to receive the sanction of an appellate court. The appearance of the plaintiff two years and six months after the contract was made and the deed executed cannot, certainly, afford conclusive evidence of the alleged fact that the plaintiff was in a dependent position as to these defendants at the time she executed and delivered the deed which it is now proposed to set aside. The relations between the parties were not confidential in any legal sense. The defendants were her tenants, and she was boarding with them. Mr. Sullivan testified, and the plaintiff admitted on her cross-examination, that he advised her to be careful what she did, and to talk the matter over with her relatives. It appears from the evidence that several weeks elapsed between the time the deed was drawn and the date of its signature and execution. "Sanity and ability to transact business are the usual and ordinary conditions of grown men," say the court in Jones v. Jones, 137 N. Y. 610, 33 N. E. 479, "and he who asserts a lack of ability on the part of a grantor to execute a deed whose due execution is prima facie shown must prove that lack of ability by a preponderance of evidence"; and this rule ought not to be modified where the grantor is the plaintiff, and where she has received a portion, at least, of the consideration, and the defendants are ready and willing to perform all of the conditions of the agreement which made up the consideration. Pom. Eq. Jur. § 951, lays down the rule, quoted with approval in Fisher v. Bishop, 108 N. Y. 25, 15 N. E. 331: "Where an antecedent fiduciary relation exists, a court of equity will presume confidence placed and influence exerted. Where there is no such fiduciary relation, the confidence and influence must be proved by satisfactory extrinsic evidence." There was no antecedent fiduciary relation involved in this case. There was no extrinsic evidence to show that the plaintiff relied upon the defendants any more than any person may be said to rely upon those with whom they contract. There is nothing unjust or inequitable in the contract, so far as appears from the record. It is one quite common to our everyday experiences; and there is no evidence in the case, so far as I have been able to dis-

cover, which would justify the conclusion that the plaintiff was de-
pendent upon the defendants in such a sense as to raise any presump-
tion against their entire good faith.

The judgment appealed from should be reversed, and a new trial
granted, with costs to abide the event.