FRANK M. ADAMS, Appellant, v. LLOYD GARRSON LUCE and MARY E. LUCE, Respondents.

Fourth Department, December 5, 1917.

Assignment — transfer of plaintiff's estate procured by undue influence — transfers set aside.

Suit to set aside transfers which divested the plaintiff of practically all his property and estate to the exclusion of an adopted child. Evidence examined, and *held*, that the transfers were made at a time when the transferor was in such a weak condition of mind and body that he was unconscious of the nature of his acts, which were the result of undue influence exerted by the defendants, and that the transfers should be set aside.

FOOTE, J., dissented.

APPEAL by the plaintiff, Frank M. Adams, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Chautauqua on the 26th day of April, 1917, dismissing the complaint on the merits upon a decision of the court after a trial before the court at the Chautauqua Special Term.

*Thomas P. Heffernan* [*Nugent & Heffernan*, attorneys], for the appellant.

*William S. Stearns* [*H. A. Clark*, attorney], for the respondents.

PER CURIAM:

An examination of the evidence leads us to the conviction that the finding of the learned trial court that the several instruments whereby it is claimed plaintiff transferred to defendants practically all his property and estate, almost

to the entire exclusion of his little adopted daughter, were his free, unrestrained and unrestricted acts, and done with full knowledge of the purport thereof, was clearly against the weight of the evidence. At the time of the alleged execution of said papers plaintiff was and for a considerable period prior thereto had been in a very much enfeebled condition of mind and body and fell an easy prey to the designs of those of stronger mentality who surrounded him. His lack of concern for his dying wife for whom he had always borne a deep affection, his refusal to visit her during her last hours, or to attend the funeral, although at the time he was living in the same house, was dressed and physically able to do so, and the many other evidences of his dazed, incoherent and dependent condition just preceding and at the time of the execution of the alleged transfers leads us to the belief that he had no intelligent appreciation of his acts. Transactions of the sort attempted to be upheld here should always be closely scrutinized and never permitted to stand unless it clearly appears that the grantor was fairly conscious of his acts and of sufficient mentality to be beyond any possible influence by stronger minds. (*Allen* v. *La Vaud,* 213 N. Y. 322; *Rosevear* v. *Sullivan,* 47 App. Div. 421; *Hunter* v. *McCammon,* 119 id. 326.)

That plaintiff at the time of the execution of the several transfers here was in a weak condition of mind and body and unconscious of the nature of his acts; that such execution was procured by undue influence exerted upon him by defendants, seems fairly established by the evidence. The finding of the learned trial court to the contrary is in our opinion against the weight of the evidence. The findings sustaining such transactions should be disapproved and in place thereof, appropriate findings should be made granting plaintiff the relief which he seeks in this action.

All concurred, except FOOTE, J., who dissented and voted for affirmance; LAMBERT, J., not sitting.

Judgment reversed, with costs, and judgment directed for the plaintiff, with costs. Order to be settled before Mr. Justice MERRELL on two days' notice at which time findings to be disapproved and proposed new findings may be submitted.