MARY INDA, Individually and as Administratrix of the Estate of ALBERT INDA, Deceased, Appellant, *v.* ANDREW P. INDA et al., Respondents.

Argued April 22, 1942; decided June 11, 1942.

*Joseph H. Morey* for appellant. The Banking Law (Cons. Laws, ch. 2), properly construed, provides that after the death of the depositor the form of such a deposit shall be conclusive evidence of the intention to vest title in the survivor, at the time of the death of the depositor, not at the time of the opening of the account. (*Newman* v. *Dore,* 275 N. Y. 371; *Krause* v. *Krause,* 285 N. Y. 27; *Matter of Porianda,* 256 N. Y. 423; *Matter of Suter,* 258 N. Y.

104; *Matter of Juedel,* 280 N. Y. 37; *Marrow* v. *Moskowitz,* 255 N. Y. 219; *Matter of Tiffany,* 179 N. Y. 455; *Matter of Meyer,* 209 N. Y. 386; *People ex rel. Hallock* v. *Hennessy,* 205 N. Y. 301.) Upon the facts found, the plaintiff was entitled to recover the two savings bank accounts under sections 18 and 83 of the Decedent Estate Law (Cons. Laws, ch. 13). (*Newman* v. *Dore,* 275 N. Y. 371; *Krause* v. *Krause,* 285 N. Y. 27; *Rubin* v. *Myrub Realty Co.,* 244 App. Div. 541; *Bodner* v. *Feit,* 247 App. Div. 119.)

*Byron E. Letson* and *Daniel J. O' Neil* for Andrew P. Inda et al., respondents. The only limitation on the right of a husband who dies either testate or intestate after September 1, 1930, to transfer his property during his lifetime, free from any claim of his wife, is that such transfer must be absolute and not illusory. (*Newman* v. *Dore,* 275 N. Y. 371; *Krause* v. *Krause,* 285 N. Y. 27.)

FINCH, J. This is an action originally brought by the widow individually and as administratrix of her husband, to recover for his estate, among other things, moneys in two savings banks. The theory of the plaintiff's case is that such deposits constituted illusory transfers which were ineffective to deprive plaintiff of her expectant estate as widow and distributee in the estate of her husband under the applicable provisions of the Decedent Estate Law (Cons. Laws, ch. 13).

Plaintiff and Albert Inda were married February 12, 1890. Albert Inda died February 9, 1940, intestate, leaving him surviving plaintiff and their ten children. Defendant Andrew P. Inda is a son of Albert Inda, and Victoria J. Inda is Andrew's wife.

The account in the Buffalo Savings Bank was opened in 1935 by the deposit by Albert Inda of his own money in the names of " Wojciech Panowicz or Victoria J. Inda — Joint Account either or survivor may draw." The account in the Erie County Savings Bank was opened in 1935 by the deposit by Albert Inda of his own money in the names of " Wojciech Panowicz or Andrew P. Inda — pay to either or survivor of them." Subsequently Albert Inda deposited other funds in these accounts.

The name " Wojciech Panowicz " was a wholly fictitious name given to these savings banks by Albert Inda. Up to the time of his death Albert Inda retained the bank books representing these accounts and drew the interest thereon.

In addition to the above facts, the trial court has also found that Albert Inda never intended to divest himself of the ownership of these deposits during his lifetime, and that said deposits were illusory transfers of his property without substance or reality. The learned trial court further found that by reason of the provisions of the Banking Law (§ 239, subd. 3; Cons. Laws, ch. 2) plaintiff was not entitled to the moneys on deposit in these two savings banks, but that defendant Andrew P. Inda was entitled to recover one of said deposits and the defendant Victoria J. Inda the other. Incidentally the trial court found that, since this section of the Banking Law did not apply to deposits in the Liberty Bank of Buffalo because that institution is not a savings bank, plaintiff was entitled to recover a third joint account made in that bank. This item is not involved on this appeal.

There being no will in the case at bar, section 18 of the Decedent Estate Law has no application, as that section only applies when there is a will in existence. The question of law presented by this appeal, therefore, is whether the provisions of subdivision 3 of section 239 of the Banking Law, relating to joint deposits in savings banks, govern the case at bar.

Section 83 of the Decedent Estate Law provides the general rule for the distribution of the real and personal property of an intestate under which the widow would take unless the provisions of subdivision 3 of section 239 of the Banking Law, dealing with joint deposits in savings banks, are applicable. This latter section expressly preserves the form of deposit in the case at bar as a lawful and convenient method for the transmission of property. It provides that when a deposit is made in a savings bank in the form adopted by the intestate in this case, then this deposit and any additions thereto shall become the property of such persons as joint tenants and may be paid to either during the lifetime of both or to the survivor after the death of one. Further, the making of the deposit in this form, in the absence of fraud or undue influence, shall be conclusive evidence in any action or proceeding to which either the savings bank or the surviving depositor is a party, of the intention of both depositors to vest title to such deposit in the survivor.

We need not decide the question whether section 83 of the Decedent Estate Law gives a spouse rights comparable to those conferred by section 18 thereof. Even if we assume this to be so, the case is none the less governed by section 239 (subd. 3) of the Banking Law which is the statute specifically applicable to the savings bank deposits in the case at bar and enunciates the principle upon which the case must be decided in favor of the defendants. The finding of the trial judge that the intestate intended, in fact, to make only an illusory transfer, is immaterial. The legal effect of a full compliance with the terms of the statute is the creation of a joint tenancy. Therefore, as was pointed out in *Newman* v. *Dore* (275 N. Y. 371), the actual intent of the intestate makes no difference since all that the law requires by way of the creation of a joint tenancy has taken place.

It follows that the judgment appealed from should be affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment affirmed.