In the Matter of the Estate of ELIZABETH YAUCH, Deceased. FRANK F. YAUCH, Appellant; GLEN S. COOK, as Executor of ELIZABETH YAUCH, Deceased, Respondent.

Third Department, January 9, 1946.

*Nicholas G. Powers,* attorney for appellant.

*William A. Glenn,* attorney for respondent.

LAWRENCE, J.   Elizabeth Yauch died December 29, 1944.   She left surviving a son, the appellant, Frank F. Yauch, and Phillip F. Yauch, son of a deceased son.   She left a will, which does not appear in the record.   It is not disputed, however, that, by the terms of the will, the bank deposit involved here was given to Frank F. Yauch and Phillip Yauch jointly.   The will was admitted to probate March 5, 1945.

For some time prior to her death Elizabeth Yauch was infirm in body and confined to her home.   Glen S. Cook, a nephew, is the executor of her will.   For several years prior to July 28, 1944, he had acted as her adviser on such matters as she requested.   He attended to her needs.   On July 28, 1944, Mrs. Yauch had a bank account of $5,959.90 in the National Savings Bank of Albany.   On that date the appellant and respondent met at Albany, pursuant to an appointment and had a conversa-

tion. They discussed the condition and needs of Mrs. Yauch. Her bank passbook was missing. The appellant and respondent went to the bank to get forms by which to secure a new passbook. They discussed methods by which appellant could obtain funds to pay bills and be substituted for the respondent as the person to look after the needs of Mrs. Yauch. Respondent offered the suggestion that the best way to accomplish their purpose was to establish a checking account. Nothing was said about any transfer of the account. It may be assumed, however, that some transfer was contemplated to make possible the payment of bills. While at the bank the respondent suggested a joint account as a proper method. A withdrawal order form was secured. Mr. Sautter of the bank force was consulted. The appellant and respondent testified, in effect, that the form was in no way filled in when they took it away. Mr. Sautter testified that before the blank was taken away, he wrote upon it the words, " New a/c Elizabeth Yauch or Frank F. Yauch, her son," but nothing else. This form, in whatever condition it then appeared, was taken by the appellant and respondent to the home of Mrs. Yauch. A search was made for the missing passbook. It was located by the appellant. The withdrawal order form was signed by Mrs. Yauch. At the hearing before the surrogate the appellant was asked what he said to his mother when she signed the form. Objection was sustained under section 347 of the Civil Practice Act. The objection was not sufficiently explicit to justify the ruling. Near the close of the testimony the appellant was allowed to state that, in the presence of Mrs. Yauch on the occasion of her signing the form, respondent had told him that he had a form, or draft, to facilitate the payment of bills, and that appellant said to Mrs. Yauch, " Mother, this is a joint account. I can take all of your money and skip," to which Mrs. Yauch replied, " You wouldn't do that. You are my son." The appellant also testified, near the close of the evidence and after listening to the testimony of the other witnesses, that he thought that only the number of the new account and the date were inserted in the withdrawal order after it was signed. This would seem to contradict his previous testimony. The later statement might seem to flow from the statement of another official of the bank that he thought only the number of the account and the date on the withdrawal order were added after it was taken away for signature.

The withdrawal order as produced by the bank, in addition to what Mr. Sautter says he inserted in writing, bears the date,

the number of the old account and a statement of the balance. It also bears a rubber-stamp impression, "Payable to either or the survivor of either."

At the time Mrs. Yauch signed the withdrawal order nothing was said by her or in her presence to the effect that the account would be payable to either or the survivor. The respondent says he never received any instructions from her to change the account and that the change was due solely to his suggestion.

After the account was changed respondent did nothing for Mrs. Yauch. The appellant withdrew $1,500 before her death and $1,000 after her death. With such funds he paid the bills of Mrs. Yauch and after her death, he paid the funeral expenses.

An important question arises regarding what appeared on the withdrawal order when it was signed by Mrs. Yauch. The appellant contends that the order as produced by the bank was a completed instrument and is conclusive upon the parties unless it is tainted with fraud.

*Inda* v. *Inda* (288 N. Y. 315) is cited to support appellant's contention. That case holds that the intention of the intestate is not material *provided that* the creation of the joint account had actually taken place. In that case no question was raised regarding the creation of the account. It was regular in form and actually made and signed by the depositor.

*Matter of Streb* (247 App. Div. 556), cited by the appellant, deals with a denial of probate because of undue influence. To the same effect is *Matter of Frankel* (259 App. Div. 778).

In the *Matter of Glen* (247 App. Div. 518, affd. 272 N. Y. 530) no question was raised about the creation of the joint account. The joint account was in the name of the decedent and a brother. The widow of the decedent sought to nullify it as fraudulent because she and her deceased husband, while living separate and apart, had made an agreement which contained their wills. Their wills provided that each would give to the other four fifths of such property as they owned at the time of death. The decedent did not revoke his will. It was probated. The court sustained the joint account.

The appellant contends that the withdrawal order was a negotiable instrument and that, if it was incomplete when signed and was completed by authority or acquiescence, he is entitled to the account. It may have been completed by inserting the number of the account and a statement that it represented the balance of the account. That would not extend to completing it by an additional statement to the effect that the account was payable to either or the survivor. It could be deemed a joint

account in the names of the mother and the son. Such interpretation would substantiate the claim that it was created to make funds available for the payment of bills.

It seems to me that the question is whether Mrs. Yauch signed the document with the words, " Payable to either or the survivor of either," already imprinted upon it by rubber stamp or whether she acquiesced in the creation of the account as it appears upon the records of the bank.

Both parties cite *Matter of Fenelon* (262 N. Y. 57, reargued 262 N. Y. 308). It is to be noted that Mrs. Yauch was one of the parties concerned in the issues there. When the case first came before the Court of Appeals it was held that the statutory presumption created by section 249 of the Banking Law [now § 239] did not take effect unless the form of the deposit, as made, had been sanctioned by the owner of the money directed to be deposited. When the case was reargued a page in one of the bank's ledgers was before the court. It was shown and conceded that, when the joint depositors signed as such, the words declaring the account to be joint with right of survivorship were upon the page of the ledger at the time of signing. The passbook, delivered at the same time, was headed " Albany Savings Bank in acc't with Bessie Fenelon and Mrs. Elizabeth Yauch." No legend in the passbook indicated that the account was joint with right of survivorship. The court held that the account was joint with right of survivorship as the form of deposit, signed by both, governed rather than the passbook. The decision announced when the case was first argued is not disturbed by the subsequent decision. At the later argument there was evidence and a substantial concession that the joint deposit with right of survivorship was actually made and appeared over the signatures of both the joint depositors when they signed. This added element was decisive.

In *Matter of Buchanan* (184 App. Div. 237) the opinion was written by Justice HENRY T. KELLOGG. He wrote the opinions in the *Fenelon* case. It was decided in the *Buchanan* case that, in order for the statutory presumption under the Banking Law to be effective, the form of the deposit must be sanctioned by the owner of the money deposited.

In the case at bar the purpose sought to be accomplished was to make funds available for the payment of bills. Funds were withdrawn by the appellant for that purpose and only for that purpose and only to the extent necessary for such purpose. The appellant understood that such was the purpose and his sub-

sequent acts in withdrawing funds would seem to be an adoption of that construction. The fact that appellant told the deceased that he could withdraw all the money and skip does not mean that he would be entitled to the funds as survivor, nor did the reply by Mrs. Yauch that he would not do that because he was her son show any adoption of appellant's title as survivor. He could withdraw the funds if he had been given a power of attorney. The authority in the first opinion in the *Fenelon* case, *supra,* remains. It is necessary to show that a joint account in which the survivor was entitled to the whole was consciously created. (*Matter of McCarthy,* 164 Misc. 719, 725.)

Appellant contends that the withdrawal order was negotiable in form and could be completed by the respondent Cook as Mrs. Yauch's agent. It can hardly be said that the order was negotiable, nor does it anywhere appear that it was completed at the direction of Cook. He was her agent to attend to her necessities and to act in such other matters as she directed. His authority did not extend to changing the form of deposit into one which would entitle the appellant to the right of survivorship. Cook understood the purpose of the withdrawal. So did the appellant. Appellant's subsequent acts in withdrawing money and paying bills confirmed his understanding. The money represented by the account was the property of Mrs. Yauch. Nowhere does it appear that she consciously created a joint account with title in the survivor, unless it be a fact that such legend was upon the paper when she signed it. Proof of that is lacking or at most is challenged by the uncertain statements.

Subdivision 3 of section 239 of the Banking Law provides: " When a deposit shall be made by any person in the names of such depositor and another person and in form to be paid to either or the survivor of them, such deposit and any additions thereto made by either of such persons after the making thereof shall become the property of such persons as joint tenants, and, together with all dividends created thereon, shall be held for the exclusive use of such persons and may be paid to either during the lifetime of both or to the survivor after the death of one of them  *  *  *. The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either the savings bank or the surviving depositor is a party, of the intention of both depositors to vest title to such deposit and the additions thereto in such survivor."

The operation of this statute presupposes the making of a deposit in the form indicated. Unless the deposit was con-

sciously made in that form, the statute should not apply. Whether it was consciously made should be a matter of proof. The learned surrogate, confronted by the witnesses, has found that the decedent did not knowingly or consciously change the account to vest title in the appellant as survivor. That should not be passed over lightly.

It is worthy of note that the answer to the amended petition does not deny paragraph numbered Fourth of such amended petition, which recites: '' That at no time was any instruction given by the decedent to the petitioner or the said Frank F. Yauch to effect a joint account with right of survivorship but that your petitioner and Frank F. Yauch in concert persuaded the decedent to make appropriate arrangements with the bank whereby funds might be withdrawn for her use and demand solely.''

The notice of appeal states the intention of the appellant to review the order of March 5, 1945, directing inquiry under section 205 of the Surrogate's Court Act; also to review the granting of leave to serve the amended petition and denying the motion to dismiss the amended petition. These rulings would seem to be justified under sections 205 and 206 of the Surrogate's Court Act.

The decree should be affirmed.

HEFFERNAN, BREWSTER and FOSTER, JJ., concur; HILL, P. J., dissents.

Decree of Surrogate's Court of Albany County affirmed, with costs payable out of the estate.