Fuld, J.
(dissenting). In my opinion, the unanimous determination of the Appellate Division should be affirmed, for the-record contains no evidence whatsoever casting doubt upon the conclusion that Elizabeth Creekmore created the two joint accounts, here involved, with survivorship rights in her daughter, May Rowland. She signed the documents setting up those accounts following a conference with her lawyer and in bis presence; there is no doubt that she was mentally competent, and there is not the slightest intimation that she was the victim of any fraud or undue- influence.
The applicable statute, subdivision 3 of section 239 of the Banking Law, is clear beyond peradventure. The setting up of a joint account in the names of the depositor and another person, ‘ ‘ in form to be paid to either or the survivor of them, ’ ’ furnishes “ conclusive evidence ” of- an intention to vest title, to the deposit in the survivor. These are the very words of the statute (Banking Law, § 239, subd. 3): “ The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either the savings bank or the surviving depositor is a party, of the intention of both depositors to vest title to such deposit and the additions thereto in such survivor.” (Emphasis supplied.) And in an unbroken line of decisions, this court has declared that the provision means precisely what it says. (See Walsh v. Keenan, 293 N. Y. 573, 578-580; Inda v. Inda, 288 N. Y. 315; Matter of Juedel, 280 N. Y. 37, 41; Matter of Fenelon, 262 N. Y. 308; Matter of Porianda, 256 N. Y. 423; Moskowitz v. Marrow, 251 N. Y. 380.) Enacted as it was to provide a rule of certainty for banks and depositors alike (see Moshowits v. Marrow, supra, 251 F. Y. 380, 387-388), the statute, we have said, creates a presumption “ irrefutable by proof, and, therefore, a rule of substantive law. ’ ’ (Matter of Porianda, supra, 256. N. Y. 423, 425; Walsh v. Keenan, supra, 293. N. Y. 573, 578.)
Absent proof of fraud and undue influence, all that must needs be shown is “ the ‘ making ’ of the deposit in statutory form ”, and that is established by evidence that the depositor signed the essential documents instructing the bank to ‘[1] credit the moneys deposited to a joint Account in the statutory form.” (Matter of Fenelon, supra, 262 N. Y. 308, 309, 311.) Where the deposit is so made, “ the actual intent of [the depositor] makes no *298 difference ”. (Inda v. Inda, supra, 288 N. Y. 315, 318.) In point of fact, even where it was expressly found that a joint account was not intended, that the depositor intended that he be privileged to make withdrawals during his life, this court held, “ Concededly the statutory presumption that [the survivor] was a joint tenant with the testator then [upon the latter’s death] became conclusive in her favor * * * with the result that she was at all events entitled thereto as survivor.” (Matter of Juedel, supra, 280 N. Y. 37, 41; see, also, Inda v. Inda, supra, 288 N. Y. 315, 318.) The presumption is, of course, inapplicable where it appears that there is no “making of the deposit” as required by the Banking Law provision — where, for instance, the deposit cards are signed in blank and the language of joint tenancy later added by the bank (see Matter of Yauch, 296 N. Y. 585, affg. 270 App. Div. 348; compare Matter of Fenelon, supra, 262 N. Y. 57, affg. 237 App. Div. 285, with decision of reversal made on reargument, 262 N. Y. 308, 309) —but, where there is compliance with the demands of the statute, the legal result of a joint account with survivorship must follow as “a rule of substantive law.” (Matter of Porianda, supra, 256 N. Y. 423, 425.)
In the case before us, there can be no dispute about the “making of the. deposit ” in the prescribed form, in this instance, by Mrs. Creekmore’s signing of the deposit cards which expressly “ authorized and directed ” the bank to establish joint accounts. The situation is quite different, therefore, from that in Matter of Yauch (supra, 296 N. Y. 585), to which the majority points to support a reversal (p. 294). In Yauch the finding that the depositor did not ‘ ‘ knowingly and consciously ” create a joint account was based upon evidence that she signed blank forms which were later filled in by the bank. Here, on the contrary, Mrs. Creekmore’s attorney testified that he brought the regular joint account deposit forms to her at the hospital and that she signed them, after a brief conference with him and, presumably, upon his advice.[1] The evidence that on the previous day she had indicated a desire to give her daughter only a power of attorney with respect to the moneys *299 on deposit is completely irrelevant to the only question here involved, that of the “ making of the deposit ” on the following day. It has no bearing on the question of her intention to vest title in her daughter if the latter survived her, since the design which she had apparently formed before she was aware of the banks’ aversion to powers of attorney could certainly have been altered by the advice she received to that effect, as well as by other considerations. In any event, the signing of the signature cards on the following day is, to cull from section 239 of the Banking Law, “ conclusive evidence ” that it was so changed.
That being so, I cannot agree with the court’s view that Mrs. Creekmore did not “ knowingly and consciously ” create the joint accounts. As already indicated, there is no evidence of incompetency, fraud or undue influence; not even an inference of incapacity may be drawn from the fact that she was old or ailing. (See Horn v. Pullman, 72 N. Y. 269, 276; Matter of Wolf, 196 App. Div. 722, 728; see, also, 2 Jessup-Redfield, Surrogates’ Law and Practice [Rev. ed., 1947], § 784, p. 137.) Under the circumstances, even under ordinary rules of evidence, proof that Mrs. Creekmore signed the documents authorizing joint accounts would be sufficient to charge her with the legal consequences. (See, e.g., Pimpinello v. Swift & Co., 253 N. Y. 159, 162-164; Metzger v. Aetna Ins. Co., 227 N. Y. 411, 416; Knight v. Kitchin, 237 App. Div. 506, 511; see, also, 7 Wigmore on Evidence [1940], § 2134; 9 id., § 2415.)[2] The Banking Law goes further and makes the creation of the accounts ‘ ‘ conclusive ” proof that she intended to vest title in her daughter, the joint tenant, if she survived her.
Whatever the rule in will cases — and I see no purpose in discussing and distinguishing the decisions cited in Judge Van Vookhis’ opinion — the simple fact is that we are here concerned not with a will but with a document creating a joint bank account. This, the legislature has said in the plainest of language, conclusively effects a right in the survivor, absent evidence of incapacity, fraud or undue influence, to the balance *300 in the account upon the other’s death. If there is dissatisfaction with the law as enacted by the legislature or if its application seems to work a hardship in this or that case, it is for the legislature, not the court, to rewrite it.
Conway, Ch. J., Dye and Fboessel, JJ., concur with Van ■ Voorhis, J.; Fuld, J.,'dissents in an opinion in which Desmond and Burke, JJ., concur.
Order reversed, etc.

. Indeed, even in a ease involving a general release (Pimpinello v. Swift & Co., supra, 253 N. Y. 159, 162-163), the court wrote: “ Ordinarily, the signer of a deed or other instrument, expressive of a jural act, is conclusively bound thereby. That his mind never gave assent to the terms expressed is not material. * * * If the signer could read the instrument, not to have read it was gross negligence; if he could not read it, not to procure it to be read was equally negligent; in either case, the writing binds him.”