Frank E. Thomas, as Executor of Carrie E. Axtell, Deceased, Respondent, *v.* George R. Ives, Appellant, et al., Defendant.

Third Department, November 16, 1961.

*Kramer, Wales & Robinson* for appellant.

*Chernin & Gold* for respondent.

HERLIHY, J.   On or about July 13, 1954, the deceased, then sole owner of a savings account in the Binghamton Savings Bank for $11,410.02, closed out this account and on the same day reopened an account by depositing $25,410.02 in her name and in the name of George R. Ives " joint account, Either or survivor ".

At the request of the deceased's attorney, the defendant Ives, on July 22, 1954, acknowledged in writing that he had no interest in the joint account; that the money actually belonged to the deceased and that he permitted the use of his name simply for the purpose of complying with the rules and regulations of the Binghamton Savings Bank.   As defendant Ives states in his affidavit, the only rule of the bank in connection with joint accounts is governed by subdivision 1 of section 237 of the Banking Law which limits the liability of the bank to $10,000 for each account.

The defendant-appellant urges this court to treat his renunciation of any interest in a joint banking account established by the deceased as only releasing any interest he had during the lifetime of the deceased and that his right of survivorship is protected by subdivision 3 of section 239 of the Banking Law. This section provides that the establishing of a joint account in the name of the depositor and another " in form to be paid to

either or the survivor of them ", furnishes " conclusive evidence " of an intention to vest title to the deposit in the survivor. (*Matter of Juedel,* 280 N. Y. 37; *Inda* v. *Inda,* 288 N. Y. 315.)

However, in *Matter of Creekmore* (1 N Y 2d 284, 292, 293, 294) it was determined that the presumption of conclusiveness contained in the statute might be overcome: (1) by the survivor's failure to meet his burden of proof that the depositor made the deposit in the statutory form or (2) by the contestant meeting his burden of proof in establishing fraud and undue influence.

The language of the renunciation upon which the plaintiff relies reads as follows: " I have no interest in a bank account placed in the Binghamton Savings Bank in the name of Carrie E. Axtell and George R. Ives, jointly, either or survivor to take, or in such other form as account may be changed hereafter."

The defendant Ives concedes that the above language effectively renounced any *present* right in the bank account during the lifetime of the depositor as distinguished from the *future* right of survivorship.

In *Matter of Stanley* (8 A D 2d 866, 867) this court held that " Appellant's [survivor's] own writings, necessarily considered as confirmatory of the parties' purpose and intent, make it abundantly clear that * * * there was no volition to create more than an agency." " Volition " as thus used [no volition] indicates no willingness on the part of the depositor to establish or create a right of survivorship and the burden of proving to the contrary is upon the survivor. This court was also relying upon *Matter of Creekmore* (*supra*) as to the meaning of volition. In that case the court said (p. 291): " the signature [on joint deposit slips] is merely evidence of an intention to make the deposit in this form. Where there is question concerning * * * the *genuineness* of her act in creating the deposit, it is not made conclusive by section 239." (Emphasis supplied.) In that case also it was found as a fact that the survivor had not proven that the joint accounts were knowingly and consciously created by the decedent. It appeared that really the accounts were created for the purpose only of allowing the survivor to pay bills of the deceased.

In the *Stanley* case, it appeared from the writing of the survivor that he disclaimed any interest in the " joint " accounts as in the present case. The evidence in that case showed that the purpose was to allow the survivor to pay bills of the deceased, that is, that there was no purpose to vest a right of

survivorship in the survivor. So in the present case, the writing heretofore referred to in which defendant renunciated his interest in the bank account, states '' for the purpose of complying with the rules and regulations of the said Binghamton Savings Bank ''. This avowed purpose acknowledged by defendant Ives is completely foreign to any purpose of vesting a right of survivorship in the said defendant and the writing acknowledged by him completely negates any volition on the part of the deceased to create a joint tenancy in statutory form.

This being so, there is no question of fact to be tried since the defendant Ives cannot prove volition on the part of the deceased in creating the joint account and therefore he had no defense to the executor's action.

The judgment should be affirmed.

BERGAN, P. J., GIBSON, REYNOLDS and TAYLOR, JJ., concur.

Judgment affirmed, with costs.