■ In the Matter of the Accounting of ABRAHAM SCHMITH, as Executor of ROSE E. SCHMITH, Deceased, Appellant. DOROTHEA RAITZIN et al., Respondents.— Decree entered in Surrogate's Court of Bronx County unanimously modified, on the law and on the facts, so as to delete the first and second decretal paragraphs thereof. As so modified, the decree is affirmed, with $50 costs and disbursements to all parties filing briefs payable out of the estate. By reason of the modification, certain sums taxable to the estate on which estate taxes, both Federal and State have been paid out of the residuary estate are held to be the individual property of Abraham Schmith. Objections 8 and 9 to the executor's account are, therefore, sustained to the effect that, since the proceeds of the disputed bank accounts are the property of Abraham Schmith individually, the estate taxes payable thereon must be borne by him personally on a prorata basis and not entirely by the estate. The decedent, Rose E. Schmith, by her last will and testament, bequeathed to each of her two daughters, the objectants-respondents, the sum of $20,000 and to her

son, Abraham Schmith, the residue of the estate. On the probate proceeding the daughters filed objections to the probate of their mother's will and, while the proceeding was pending, the parties entered into a compromise agreement and the objections were withdrawn. The compromise agreement provided that " all of the rest, residue and remainder of the estate of Rose E. Schmith, deceased, both real and personal, of every kind, nature and description, and wherever situate, of which the said Rose E. Schmith, deceased, died, seized, possessed or entiled, and as to which she had at the time of her death the power of disposition or appointment, shall be divided equally among Abraham Schmith, Molly Finesilver and Dorothea Raitzin ". At the time of decedent's death there existed five savings bank accounts totalling $68,853.90, four of which were Totten Trust accounts in her name in trust for her son, and the fifth account was a joint account with right of survivorship in her name and his name. The Surrogate held that the proceeds of these bank accounts should be included in the residuary estate pursuant to the terms of the compromise agreement. The question is whether the said bank accounts were assets over which the decedent, at the time of her death, had the power of disposition or appointment. In the absence of fraud, or undue influence, it has been held that in the case of a Totten Trust savings account or a joint savings account, upon the death of the trustee of a Totten Trust or one of the parties to a joint account, title in the said account vests in the surviving beneficiary or joint tenant, as the case may be. (Banking Law, § 235, subds. 2, 3; *Matter of Totten,* 179 N. Y. 112; *Matter of Deneff,* 44 Misc 2d 947; *Inda* v. *Inda,* 288 N. Y. 315.) The bank accounts in question here were not subject to the power of disposition or appointment by the decedent at the time of her death and they thereupon vested absolutely in her son. Concur — Botein, P. J., McNally, Stevens, Steuer and Staley, JJ.