Nathan R. Sober, S.
The executor moves to vacate a notice of examination. The party seeking the examination is the widow who has filed a notice of election to take against the will. The examination sought by her concerns Totten trust and joint savings accounts transferred by testator during his lifetime to others.
The will in issue was executed June 11, 1962. Under EPTL 5-1.1 (subd. [b]) and (subd. [c]), a widow is given the absolute right to elect not only against testamentary assets but also against ‘ ‘ testamentary substitutes ’ ’ in the nature of gifts causa mortis, Totten trusts, joint deposits and other jointly held property transferred by testator during his lifetime. However, these ‘ ‘ new ’ ’ provisions are made applicable only with respect to wills executed and inter vivos transactions made after August 31, 1966 (EPTL 5-1.1, subd. [c] by reference to subd. [b]).
Since this will was executed on June 11, 1962 no “ absolute ” right in the widow to elect against these inter vivos transactions exists.
Prior statutes (see Decedent Estate Law, § 18) afforded a surviving spouse no protection against a testator’s gratuitous inter vivos transfers. A noted commentator observed that such omission was intentional (see Cox, “ Surviving Spouse’s Right of Election ”, 32 St. John’s L. Rev. 164, 169, n. 42).
*194 The courts however took a sympathetic view toward enlarging the rights of widows despite the statute. Early cases held that inter vivos transfers made with the purpose and intent to defeat the widow’s right of election would be set aside. Other eases held that the widow’s rights could not be defeated by transfers, viz., Totten trusts, in which the husband retained benefit and control of the property during his lifetime.
However, both these tests seem to have been rejected by the latest cases (Matter of Halpern, 303 N. Y. 33; Inda v. Inda, 288 N. Y. 315; Krause v. Krause, 285 N. Y. 27; Newman v. Dore, 275 N. Y. 371). The test stated by the newer cases is “ whether the husband has in good faith divested himself of ownership of his property or has made an illusory transfer ’ ’. By good faith is not meant unworthiness of motive but rather whether an actual transfer was effected. An illusory transfer is one which is merely a mask for the effective retention of the property by the grantor.
It is obvious that a determination of these issues requires an examination of the facts surrounding such transfers. For this reason the widow is entitled to examine the executor and all transferees in great detail.
The executor has indicated on the argument that he has no knowledge of the Totten trust and joint bank accounts. His tax return indicates that he had detailed knowledge if not actual possession of the books. He is to furnish all such information op the examination. He is directed to obtain either the books or the bank records. The examination shall be held in this court under the supervision of a law assistant.
Although no issue is as yet before me, it is noted that the will directs the creation of three trusts, one for the wife and one for each of his two children, with a direction to pay at least $100 per month to each out of income or corpus. While the gross taxable estate is reported as $40,000 the general estate is estimated at about $4,000. The latter is obviously insufficient to warrant the setting up of any trust for the widow (EPTL 5-1.1, subd. [a], par. [1], subpar. [C]).
The motion to vacate the notice of examination is denied. A short-form order will be entered by the Clerk.